**PERRYCO, INC., Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), et al., Appellees.**

No. 08–88–00330–CV.

Court of Appeals of Texas, El Paso.

Sept. 6, 1989.

J.K. "Rusty" Wall, Midland, for appellant.

Jack Q. Tidwell, McMahan, Tidwell, Hansen & Atkins, P.C., Ken Griffen, Odessa, Harold H. Pigg, Law Offices of Harold H. Pigg, Lubbock, Kelvin Adams, Bryan, Tex., for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from the granting of summary judgment in favor of five Appellees. We reverse and remand in part and affirm in part.

This case has been pending for over ten years, and during that time has resulted in a significant change of party names. We will note the present successors in interest, but shall refer to the parties by the names used in the trial court.

(1) Appellee Federal Deposit Insurance Corporation (FDIC) has now appeared since MBank was declared insolvent. MBank was the ultimate successor to State National Bank who was one of the original defendants when the case was filed.

(2) Appellee Federal Savings and Loan Insurance Corporation (FSLIC) is now in the case since Odessa Savings Association was declared to be insolvent.

## HISTORY

S.M. Yudin died and his will was probated in 1977, naming the State National Bank of Odessa, Texas, as Independent Executor. State National Bank was named trustee under the testamentary residuary trust carried under the name "S.M. Yudin 1973 Trust." Toby Tripp was senior vice president and trust officer of the State National Bank and handled the Yudin Trust.

Irving Yudin was the son and heir at law of S.M. Yudin. Irving's three children, Jeffrey, Ashley and Vicki were also beneficiaries under the S.M. Yudin Trust. These three children were sole stockholders of Perryco; their father, Irving Yudin, was vice president and general manager of Perryco.

Louis Rochester was a prominent land developer. He was also an "advisory" director of Odessa Savings Association. Rochester's children, Paul and Joy Rochester, were doing business as Cielo Vista Joint Venture with Odessa Savings Association. Louis Rochester held a power of attorney to act on behalf of Cielo Vista Joint Venture.

## FACTS GIVING RISE TO THIS LITIGATION

In 1977, the principal asset of the Yudin Estate was a large tract of undeveloped land located in Odessa, Texas. Death taxes were in excess of $800,000.00 and were due in March, 1978. State National Bank decided to sell a 134–acre tract out of the Yudin Estate to raise money to pay taxes. The bank had an appraisal made indicating the value per acre was $4,400.00. Bids were received as follows:

(1) Bob Friday bid $8,100.00 per acre.
(2) First Savings & Loan Association bid $6,176.00 per acre.
(3) Louis Rochester (through an entity) bid $5,155 per acre.
(4) Perryco bid $5,155.00 per acre.

On the strength of Bob Friday's high bid, Toby Tripp, in his capacity as vice president and trust officer, borrowed money from the State National Bank and the First National Bank to pay the death taxes. Unfortunately, Bob Friday withdrew his bid and First Savings was no longer interested. Thereafter, the bank on October 12, 1978, contracted to sell Perryco 53.254 acres that had been carved out of the original 134–acre tract. The bank also sold to Cielo Vista Joint Venture 63 acres and .90 acres carved out of the 134–acre tract.

Perryco was given several written extensions of the contract of sale agreement in order to arrange financing. On April 12, 1979, Irving Yudin on behalf of Perryco requested an additional extension until April 20, which was orally agreed to. On April 20, Yudin advised Toby Tripp that Perryco still did not know about the financing but would know on April 23. Tripp called Yudin on April 23, but was told nothing would be known until the next day, April 24. Tripp agreed to wait but failed to hear from Yudin on April 24. Finally, Toby Tripp reached Yudin on April 25, 1979, and was told that the loan had not been obtained. Toby Tripp refused further

extensions and thereafter sold the property to Cielo Vista Joint Venture, closing the sale of the 53.254-acre tract on May 29, 1979. This sale was what precipitated the litigation that was to follow.

Two lawsuits were filed which will be referred to as the Yudin lawsuit and the Perryco lawsuit.

## THE YUDIN LAWSUIT

On May 25, 1979, Irving Yudin and his three children: Jeffrey, Vicki and Ashley sued the State National Bank and Toby Tripp. Irving's sister, Myrtle, also joined in this lawsuit. All were beneficiaries under the S.M. Yudin Estate. This lawsuit was filed four days before the State National Bank closed the sale of the 53.254-acre tract to Cielo Vista Joint Venture.

The lawsuit was for money damages asserting that the bank, Tripp and the attorneys hired by the bank were guilty of "wasting, mismanaging and self-dealing" in handling the S.M. Yudin Estate. Many specific wrongful acts were alleged against the bank. Of special importance to our decision were the allegations of impropriety on the bank's part in: (1) failing to enforce the Bob Friday offer to purchase the 134-acre tract; and (2) wrongfully breaching the contract of sale entered into by the bank with Perryco. This allegation was dropped when the petition was amended but is significant in our consideration of the applicability of the doctrine of res judicata.

Yudin's Second Amended Petition enlarged the allegations of wrongdoing and asserted claims of negligence, fraud, misrepresentation and violations of the Texas Deceptive Trade Practices Act. However, when the petition is read as a whole, the lawsuit can still be described as fundamentally a suit against the bank and Tripp for mismanagement and breach of fiduciary duties in the handling of the S.M. Yudin Estate.

This Yudin lawsuit resulted in a jury trial. At the close of the evidence, the Yudin's first requested issue pertained to whether or not the State National Bank had exercised reasonable care in the performance of its fiduciary duties as trustee and executor of the Yudin Estate. The requested issue asked that the jury also consider certain events in arriving at an answer to this requested issue, such as (C) failure of the bank to arrange for and conduct the sale of the 134-acre tract in an orderly and timely manner and (D) FAILURE OF THE BANK TO CLOSE THE SALE OF THE 134 ACRES OF LAND TO MR. BOB FRIDAY.

The trial court gave the requested issue and also (C) and (D) above. On June 30, 1981, the jury returned a verdict finding that the bank had indeed failed to exercise reasonable care in the performance of its fiduciary duties as trustee and executor of the Yudin Estate. The jury awarded the Yudins $7,500.00 as damages. The trial court entered judgment pursuant to the verdict of the jury. This judgment became final when no appeal was taken by either side.

## THE PERRYCO LAWSUIT

On June 13, 1979, the Perryco lawsuit was filed which was less than three weeks after the Yudin lawsuit was filed. It was also filed fifteen days after the closing of the 53.254 acre sale by the bank to Cielo Vista Joint Venture. Perryco, a corporation, consisted of only three stockholders: Jeffrey, Vicki and Ashley Yudin. Irving Yudin owned no stock but was vice president and testified that he was the one that ran the corporation.

Perryco's lawsuit was against State National, Toby Tripp, Odessa Savings Association, Louis Rochester, Paul Rochester and Joy Rochester, d/b/a Cielo Vista Joint Venture. Perryco sought damages asserting failure of the bank to honor the contract of sale with Perryco for the 53.254-acre tract. Allegations were made of the breach of fiduciary duty by the bank by conspiring with Louis Rochester, Odessa Savings Association, Joy and Paul Rochester, d/b/a Cielo Vista Joint Venture with intent to deprive Perryco of the 53.254 acres. It was asserted that this interference was done so that Cielo Vista Joint Venture could purchase the acreage.

State National Bank and Toby Tripp filed a Motion for Summary Judgment and subsequently an Amended Motion for Summary Judgment. The trial court granted the summary judgment and signed an Amended Judgment on July 14, 1986 in favor of State National Bank and Toby Tripp. The trial court's decision was based on the applicability of the doctrine of res judicata. The remaining parties and entities were severed from the judgment since no motions for summary judgment had been filed on their behalf.

Perryco appealed the trial court's judgment and in an unpublished opinion dated May 27, 1987, this Court reversed the granting of the summary judgment and returned the case to the trial court.

After return of the case to the trial court, Perryco amended its petition and additional discovery was made. State National Bank, Toby Tripp, Louis Rochester, Odessa Savings Association and Joy Rochester, d/b/a Cielo Joint Venture, filed Motions for Summary Judgment. The trial court thereafter granted summary judgments on behalf of all the Appellees with the exception of Paul Rochester who was severed out because he had failed to file or join in the Motions for Summary Judgment.

Perryco appeals from this decision of the trial court.

## THE PRESENT PERRYCO APPEAL

### The Conspiracy Claim

Point of Error No. One by Perryco asserts that the trial court erred in finding, as a matter of law, that there was no fact issue as to the existence of a conspiracy by Appellees to interfere with Perryco's contract of sale with the State National Bank.

■ As to the Motion for Summary Judgment filed May 31, 1988, on behalf of the Appellees Louis Rochester, Odessa Savings Association and Joy Rochester, d/b/a Cielo Vista Joint Venture, we note that no affidavits or exhibits were attached to the motion. The motion itself was unsworn to and cannot be considered as an affidavit. No statement is even made in the motion to incorporate and make a part of the motion any of the depositions on file. Only minor reference is made in the motion to deposition testimony of Irving Yudin. Appellants filed a written response to the motion, to which were attached affidavits and exhibits. We find the Motion for Summary Judgment without supporting summary judgment evidence was insufficient to uphold the judgment granted to Appellees Louis Rochester, Odessa Savings Association and Joy Rochester d/b/a Cielo Vista Joint Venture. *Munoz v. Gulf Oil Company*, 693 S.W.2d 372 (Tex.1985), on remand, 732 S.W.2d 62 (Tex.App.—Houston [14th Dist.] 1987).

As to the Motion for Summary Judgment filed on behalf of the State National Bank and Toby Tripp, we have a different situation. Summary judgment evidence was offered and Appellant also filed a written response to this motion.

■ The movant for summary judgment has the burden to establish that he is entitled to a summary judgment by conclusively proving all of the elements of his cause of action or defense as a matter of law. Tex.R.Civ.P. 166a(c). *MMP, LTD. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). If the defendants are the movants (as in this case) they have the burden of showing that, as a matter of law, no material issue of fact exists as to plaintiff's (Perryco) cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 436 (Tex.1983); *Williams v. Chaney*, 620 S.W.2d 809, 810 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). Therefore, Appellees State National Bank and Toby Tripp had the burden of showing that no conspiracy existed as a matter of law. The elements of civil conspiracy as set out in 15A, C.J.S. Section 1(2) of conspiracy, 1967 and approved in *Massey v. Armco Steel Company*, 652 S.W.2d 932 (Tex.1983) are essentially: (1) a combination of two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the object of course of action; (4) one or more unlawful, overt acts and (5) damages as a proximate result.

It would be Perryco's burden to establish each element of the conspiracy cause of action at the trial on the merits. If the

Appellees submitted competent summary judgment evidence disproving at least one element of Perryco's case, then Appellees' Motion for Summary Judgment was properly granted. *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). State National Bank and Toby Tripp did submit affidavits and depositions of interested parties in support of their summary judgment. Tex.R. Civ.P. 166a(c) does provide that a summary judgment may be based on an interested witness's testimony or the testimony of an expert if it is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Republic National Leasing Corporation v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986). Appellees' evidence consisted of references from depositions and affidavits which can be best described as stating there was no conspiracy to interfere or prevent Perryco from purchasing the 53.254–acre tract of land. However, such evidence was not free from inconsistencies because Perryco also submitted in response evidence that directly controverted Appellees' State National Bank and Toby Tripp's evidence. Since conflicting inferences can be drawn from the evidence, then State National Bank and Toby Tripp did not succeed in carrying their burden as required under Tex.R. Civ.P. 166a(c); *Republic National Leasing Corporation v. Schindler,* 717 S.W.2d 606. Perryco as the non-movant did not have the burden to establish that there was a fact issue present, rather the focus on appeal is whether the movants for summary judgment have met their burden of submitting sufficient proof that there exists no genuine issue of material fact which would entitle them to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166a.

In considering a motion for summary judgment, the trial court and the appellate court must resolve all doubts about the existence of a genuine issue as to a material fact against the movant. The evidence must be viewed in a light most favorable to the non-movant. Conflicts in the evidence are ignored and evidence which tends to support the position of the non-movant is accepted as true. *Reynolds v. Alcorn,* 601 S.W.2d 785 (Tex.Civ.App.—Amarillo 1980, no writ); *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41, 47 (Tex. 1965).

■ The evidence without question shows that a fiduciary relationship existed on the part of the State National Bank and its trust officer in dealing with the Yudin Estate. Louis Rochester was not only a stockholder, but was also an advisory director of Odessa Savings Association. He also had a power of attorney to act on behalf of Cielo Vista Joint Venture. He had been an initial bidder on the 134 acres from which the 53.254 acres had been carved out. He had been close friends with the officers of the State National Bank and also was definitely interested in obtaining the acreage involved.

■ Conspiracy may be proved by circumstantial evidence. *Schlumberger Well Surveying Corporation v. Nortex Oil and Gas Corporation,* 435 S.W.2d 854 (Tex. 1968). Even though Appellee Toby Tripp's affidavit denies a conspiracy, we find this type of denial is not readily controvertible. Therefore, the requirements of Tex.R. Civ.P. 166a(c) are not satisfied. *American Petrofina Company v. Crump Business Forms, Inc.,* 597 S.W.2d 467 (Tex.Civ.App. —Dallas 1980, writ ref'd n.r.e.). Appellees have failed to establish that a conspiracy did not exist as a matter of law.

Point of Error No. One is sustained.

## RES JUDICATA

Perryco had been a bidder on the 134–acre tract but lost out due to Bob Friday's high bid. When that sale collapsed, the bank then carved out the 53.254–acre tract. The failure of the original sale to Bob Friday provided the Yudins with the opportunity to enter into a sales contract for the 53.254–acre tract.

In the Yudin lawsuit, the Yudins had asserted in their earlier petition, the breach

of the Perryco contract of sale with the bank. This tends to show that the Yudins in the Yudin lawsuit recognized their right of control of Perryco and recognized a claim against the bank and Toby Tripp. This breach of contract allegation was dropped by the later amendment by the Yudins of their own volition. Even though Jeffrey, Vicki and Ashley Yudin were parties in the Yudin lawsuit, they decided to file a separate lawsuit on behalf of their wholly owned corporation (Perryco) against the bank and Toby Tripp. This decision by Perryco was made and acquiesced in by Irving Yudin. He not only was the vice president and general manager of Perryco, but he also "ran the corporation."

■ Should Perryco, which was owned by the Yudin children and "run" by Irving Yudin, have urged Perryco's cause of action in the Yudin lawsuit? If so, should Perryco rightfully have been barred from proceeding with a separate lawsuit? We answer "YES" to both questions.

The total ownership by the Yudin children of Perryco and, in addition, their father's activity in "running" the business creates an unusual situation. The difficulties are compounded when the facts show that the Yudin's claim to the 53.254 acres only came about because of a failure of the bank to successfully complete the sale of the acreage from which the 53.254 acres came. They litigated and received a money judgment in the Yudin lawsuit where the jury was entitled to consider the mismanagement and breach of fiduciary duty by the bank and Toby Tripp in regard to the failure to sell the 134–acre tract.

We find that Restatement (Second) of Judgments, secs. 24 and 25 (1982) are applicable. Section 24 referring to "Dimensions of 'Claim' for Purposes of Merger or Bar—General Rule Concerning 'Splitting'" states:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Section 24 further provides in Comment (c):

> .    .    .    .    .

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

Res judicata is applicable since Perryco's claim could certainly have been litigated in the Yudin lawsuit for there was knowledge of the salient facts as shown by the filing of the Perryco lawsuit less than thirty days after the Yudin lawsuit was filed. Since the scope of res judicata is not limited to matters actually litigated, the judgment in the Yudin lawsuit precludes a second suit (Perryco lawsuit) by the parties and their privities not only to matters actually litigated, but also on causes of action or defenses which arose out of the same subject matter and which might have been litigated in the first suit. *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768 (Tex.1979); *Griffin v. Holiday Inns of America,* 496 S.W.2d 535 (Tex.1973).

The Yudins, having obtained a final judgment against the State National Bank and Toby Tripp, extinguishes the claim by Perryco. Restatement (Second) of Judgments, secs. 17 and 18 (1982).

Perryco's Point of Error No. Two is overruled.

Perryco's Point of Error No. Three asserts the trial court erred in granting summary judgment on the basis of collateral estoppel.

We are unsure that the trial court did grant summary judgment on the basis of collateral estoppel, in addition to res judicata, but we will address this point of error.

**556**

## COLLATERAL ESTOPPEL

Collateral estoppel, or issue preclusion, prevents a party from relitigating a fact issue in a subsequent lawsuit, when the fact issue already was fully and finally litigated and was essential to the judgment in prior litigation. *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 362 (Tex.1971); Restatement (Second) of Judgments, sec. 27 (1982).

We have more difficulty with this point of error. We do find privity because the sole stockholders of Perryco, along with its vice president and general manager were also the individuals suing in the Yudin lawsuit. The difficulty we have encountered in the attempted use of collateral estoppel is that Appellees State National Bank and Toby Tripp, in order to invoke the doctrine of collateral estoppel must establish that: (1) the facts sought to be litigated in the second action (Perryco lawsuit) were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action (Yudin lawsuit); and (3) the parties were cast as adversaries in the first action. *Benson;* Restatement (Second) of Judgments, sec. 27 (1982).

The Yudin lawsuit concerned breach of fiduciary duties and mismanagement of the Yudin Estate and trust in handling the sale of the 134–acre tract (along with other specific acts of mismanagement). This Perryco lawsuit involves the State National Bank and Toby Tripp's conspiracy with the other named Appellees with intent to deprive Perryco of property (53.254 acres) by tortiously interfering with Perryco's contract of sale. We therefore find that the doctrine of collateral estoppel is not applicable.

Perryco's Point of Error No. Three is overruled.

We reverse the judgment of the trial court insofar as it grants summary judgment in favor of Appellees Louis Rochester, Odessa Savings Association (now FSLIC), and Joy Rochester, d/b/a Cielo Vista Joint Venture. We remand the case as to these Appellees to the trial court for trial.

We affirm the judgment of the trial court that granted a summary judgment in favor of Appellees State National Bank (now FDIC) and Toby Tripp.