C.M. McROBERTS, et al., Appellants,

v.

TESORO SAVINGS & LOAN ASSOCIATION, Appellee.

No. 04-87-00659-CV.

Court of Appeals of Texas, San Antonio.

Nov. 30, 1989.

Rehearing Denied Jan. 3, 1990.

706

Terrence J. Martin, Martin, Stolle & Oyervides, San Antonio, Dorothy L. Nichols, Office of Gen. Counsel, Washington, D.C., for appellants.

Gerald T. Drought, Bennett L. Stahl, Cynthia F. Malone, Martin & Drought, San Antonio, Todd Hunter, Kleberg & Head, Corpus Christi, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a partial summary judgment suit.[1] The trial court severed and finalized a portion of the suit in which the court found the guarantors of a note liable for payment and denied them the right to assert the defense of usury.

In 1984, the Gold Park Development Partnership, a Texas general partnership, through its general partners, borrowed $5.1 million from Tesoro Savings and Loan Association for the acquisition and development of real property in Tyler, Texas. When the promissory note was executed, all sixteen (16) of the general partners signed the note. Each general partner also personally guaranteed the note by separate guaranty agreements. Upon default of the note, Tesoro filed suit against the partnership, the partners individually and as guarantors. In response, appellants asserted the affirmative defense of usury in their dual capacities as partners and as guarantors. Tesoro moved for a partial summary judgment against appellants in their capacities as guarantors. The trial court granted the partial summary judgment and allowed Tesoro relief in its claim against appellants as guarantors and denied appellants, as guarantors, any relief in the counterclaim for usury. The trial court severed this judgment and further held that the partnership could assert the affirmative defense of usury.

**1.** Tesoro has been the subject of a purchase and assumption agreement by the Federal Savings and Loan Insurance Corporation and American

Appellants urge three points of error. However, it is necessary to address only one: That the trial court erred in severing the judgment against appellants in their capacity as guarantors from the causes of action existing between appellee and the Golden Park Development Partnership.

Appellants, as guarantors, acknowledge their liability on the note but contend that the partial summary judgment should have been interlocutory instead of permanent. In the present case the suit by appellee seeks to enforce the recovery of the principal and interest in connection with a loan to the Gold Park Development Partnership. The partners and the guarantors are one and the same. Appellee is entitled to recover his principal and interest only once, whether it obtains a judgment against appellants as partners or as guarantors. There is no logical reason to distinguish why these same individuals could prevail on their usury claim as partners without benefiting the same individuals in their capacities as guarantors.

For a severance to be proper, more than one cause of action must be involved in the controversy, the severed cause must be one that can be asserted dependently, and the severed action must not be so interwoven with the remaining action that they involve identical facts and issues or, in some circumstances, relate to the same subject matter. *S.O.C. Homeowners Assoc. v. City of Sachse*, 741 S.W.2d 542, 544 (Tex.App.—Dallas 1987, no writ); *Weaver v. Jock*, 717 S.W.2d 654, 662 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

The severance by the trial court was an abuse of discretion in light of the facts presented in the record.

Accordingly, the cause is remanded for trial on the merits.

Savings Bank succeeded to the interest of Tesoro in this judgment.