**SUNBELT SAVINGS, FSB, Appellant,**

v.

**George J. BARR, Appellee.**

**No. 05–90–01565–CV.**

Court of Appeals of Texas,
Dallas.

Oct. 23, 1991.

Rehearing Denied Jan. 9, 1992.

Jack N. Ross, II, Dallas, for appellant.

Albert B. Greco, Jr. and Barbara L. Wohlrabe, Dallas, for appellee.

Before LAGARDE, OVARD, and MALONEY, JJ.

## OPINION

OVARD, Justice.

The issue in this appeal is whether a summary judgment in favor of a guarantor on a note precludes suit, because of the doctrine of res judicata, against the individual for partnership liability on the underlying indebtedness. The trial court granted George J. Barr summary judgment. Sunbelt Savings, FSB, contends the trial court erred: (1) in granting Barr summary judgment; and (2) in denying Sunbelt's motion for summary judgment on the indebtedness. We hold that the doctrine of res judicata does not apply to preclude the payee of a partnership note from suing a partner after it has unsuccessfully sued the same individual on a guaranty of the note. We reverse the trial court's judgment as to Barr and remand this cause for further proceedings.

## PROCEDURAL HISTORY

Bar III Venture, through Ron Knott, one of its partners, executed a promissory note to Sunbelt Savings Association of Texas, predecessor in interest to Sunbelt Savings, FSB. Knott and Barr executed guaranty agreements in their personal capacities. On breach of the note, Sunbelt Savings filed two separate lawsuits. The first sought recovery against Bar III for breach of the note and against Knott for breach of his guaranty. The second sought recovery against Barr for breach of his guaranty.

### 1. The First Judgment

Barr filed a motion for summary judgment in the guaranty suit. He asserted that the guaranty agreement was incomplete and unenforceable. The trial court in the second suit agreed. It entered an order granting Barr's motion for summary judgment. After Barr nonsuited a third-party action, the trial court reduced the order to a final take-nothing judgment.

### 2. The Second Judgment

Sunbelt filed an amended petition in the partnership suit. It asserted a cause of action against Barr as a general partner of Bar III. Barr moved for summary judgment. He alleged the guaranty judgment barred the claim. He argued that the principles of res judicata foreclose another suit if the cause of action could have been litigated in the suit that first went to judgment. Sunbelt responded that the doctrine of res judicata only applies when the cause of action in the subsequent suit is identical to the cause of action the party asserted in the prior proceeding.

Sunbelt filed its own motion for summary judgment as to its right to judgment against Bar III, Knott, and Barr as a matter of law on the breach of the note. Barr responded that res judicata barred Sunbelt's claim. He also responded that Sunbelt had released him from liability under the guaranty. He asserted he had sold his interest in the general partnership to Knott and a third party. The trial court entered an interlocutory order granting Barr summary judgment. It also entered an order denying Sunbelt's motion. Sunbelt then obtained a final judgment against Bar III and Knott.

## STANDARDS OF REVIEW

### 1. Summary Judgments

The Texas Supreme Court has set out the standards we apply in reviewing a trial court's grant of a summary judgment. We need not reiterate them. *See* TEX.

R.Civ.P. 166a(c); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek Basis Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). When both sides have filed motions for summary judgment, we may determine if the granting or denial of either of the motions was error. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958). We consider all evidence accompanying both motions. *Smith v. Smith*, 794 S.W.2d 823, 825 (Tex.App.—Dallas 1990, writ withdrawn).

## 2. Res Judicata

■ The doctrine of res judicata does not preclude relitigation of issues that the first court did not actually try and determine, unless a determination of those issues was essential to the judgment in the first suit. RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982); *Faour v. Faour*, 762 S.W.2d 361, 362 (Tex.App.—Houston [1st Dist.] 1988, writ denied). The doctrine does bar litigation of all issues connected with a cause of action or defense of which, with the use of diligence, the parties might have obtained a determination in the first suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984); *Russell v. Moeling*, 526 S.W.2d 533, 536 (Tex.1975).

## BARR'S MOTION

■ The parties reassert their res judicata arguments on appeal. Sunbelt argues a judgment as to one claim or cause of action is not necessarily conclusive as to all claims or causes of action that a plaintiff later asserts against the same party, even though the claims may relate to the same property or arise out of the same transaction. *See Griffin v. Holiday Inns of Am.*, 496 S.W.2d 535, 538 (Tex.1973); *see also Voskamp v. Arnoldy*, 749 S.W.2d 113, 126 (Tex.App.—Houston [1st Dist.] 1987, writ denied). Barr responds res judicata precludes a second action not only on matters the parties actually litigated, but also on causes of action or defenses that arise out of the same subject matter and that the parties might have litigated in the first suit. *See Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979).

The issue of Barr's partnership liability probably could have been asserted in the guaranty suit. But neither the pleadings nor the summary judgment evidence show that the trial court determined the issue. The sole ground Barr presented in his motion for summary judgment in the guaranty suit was that the guaranty was incomplete and unenforceable. That is the only ground upon which the trial court could have granted his motion. *See Clear Creek*, 589 S.W.2d at 677. A determination of the issue of Barr's partnership liability was not essential to the judgment in the guaranty suit. The guaranty summary judgment does not represent a full and fair litigation of the fact of Barr's partnership liability. We conclude the summary judgment record in the partnership suit does not conclusively show that the parties actually litigated the issue of Barr's partnership liability or that the issue was essential to the judgment in the guaranty suit. *See Faour*, 762 S.W.2d at 363.

■ Barr further argues that, because he executed the guaranty on the same date that Knott executed the promissory note on behalf of the partnership, the guaranty and the note were part of the same single transaction. That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions, hence multiple claims. *Perryco, Inc., v. FDIC*, 777 S.W.2d 549, 555 (Tex.App.—El Paso 1989, no writ). Nonetheless, a guaranty is often executed contemporaneously with the note that the guaranty collateralizes, and, when they are, the lender's willingness to make the loan evidenced by the note is itself consideration for the guaranty. *See Fourticq v. Fireman's Fund Ins. Co.*, 679 S.W.2d 562, 564 (Tex.App.—Dallas 1984, no writ). A guaranty is a contract distinct from the primary obligation. *Fourticq*, 679 S.W.2d at 562. Further, promissory notes and

guaranties differ in their legal effect. Promissory notes are often negotiable instruments. Guaranties generally are not. *Dann v. Team Bank*, 788 S.W.2d 182, 186 (Tex.App.—Dallas 1990, no writ). Moreover, legal defenses available to borrowers are often unavailable to guarantors. Primary obligors may assert usury as a defense to the obligation; guarantors may not. *See Houston Sash & Door Co., Inc., v. Heaner*, 577 S.W.2d 217, 221–22 (Tex. 1979). A creditor may sue on a note, or a guaranty, or on both at his option. A lender seeks guaranties to afford it that flexibility.

We recognize that the expression 'transaction, or series of connected transactions' is not capable of a mathematically precise definition. RESTATEMENT (SECOND) OF JUDGMENTS § 24, comment C (1982). The Restatement (Second) points out the need to be pragmatic and to pay attention to the circumstances of the case in deciding what constitutes a single transaction or series of closely connected transactions. *Id.* Section 24(2) of the Restatement lists the considerations:

> What factual grouping constitutes a 'transaction', and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, and whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

We focus on the last criterion, whether the simultaneous execution of the note and the guaranty creates a unit that conforms to the parties' expectations or business understanding or usage.

Creditors and borrowers commonly understand promissory notes and guaranties to be separate transactions. They understand that the enforceability of a note does not depend on the enforceability of a guaranty and that often a note is enforceable when the guaranty is not. They would not expect that a judgment declaring a guaranty unenforceable due to incompleteness could also obliterate a valid promissory note. Conversely, the purpose of a guaranty is to ensure that a creditor may collect if the primary obligor becomes judgment-proof. *Cf. In re Larmar Estates*, 5 B.R. 328, 330 (Bankr.E.D.N.Y.1980) (automatic stay does not bar action against a guarantor when the primary obligor seeks bankruptcy protection). To hold that a note and a guaranty, even when executed simultaneously, are a single transaction for res judicata purposes would defeat the very purpose of a guaranty.

We recognize that there is some authority apparently to the contrary. *See McRoberts v. Tesoro Sav. & Loan Ass'n*, 781 S.W.2d 705, 706 (Tex.App.—San Antonio 1989, no writ). In *McRoberts*, a creditor sued a partnership, the sixteen general partners, and the same sixteen individuals in their capacities as guarantors to the note. The court concluded:

> The partners and the guarantors are one and the same. [The partnership creditor] is entitled to recover his principal and interest only once, whether it obtains a judgment against appellants as partners or as guarantors. There is no logical reason to distinguish why these same individuals could prevail on their usury claim as partners without benefiting the same individuals in their capacities as guarantors.

781 S.W.2d at 706. Yet a guaranty does not entitle a creditor to a double recovery; it merely provides an alternative source for recovery if the primary obligor becomes insolvent. Nor do we necessarily agree that defenses available to guarantors are identical to those available to the makers of the note guaranteed, even when the guarantors are the same persons as the makers. *See Universal Metals & Mach., Inc. v. Bohart*, 539 S.W.2d 874, 877–78 (Tex.1976) (a guarantor, who contracted as a primary, absolute, unconditional obligor, is not freed from liability because of the forged signature of the maker on a note). In any case, the narrow question in *McRoberts* was whether the trial court erred in severing the judgment against the appellants in their capacity as guarantors from the causes of action pending against them in

their capacity as makers of the note. The court of appeals held simply that the severance was an abuse of discretion in light of the facts presented in the record. 781 S.W.2d at 706. To the extent that anything more can be read into *McRoberts,* we decline to follow it.

We are not to be understood as favoring multiple litigation. Indeed, the Texas Rules of Civil Procedure encourage bringing suit against a surety and the surety's principal simultaneously. *See* TEX.R.CIV.P. 31. Nonetheless, rule 31 also contemplates that a judgment might be rendered against the principal before suit against the surety is brought. If a judgment against a note maker precluded a subsequent suit against a guarantor of the note because of the effect of res judicata, that provision of rule 31 would be rendered meaningless. In this case, summary judgment was first rendered in favor of Barr in his capacity as guarantor, before Sunbelt sued him in his capacity as partner liable for a partnership debt. Either the simultaneous executions of a guaranty and a note represent a single transaction or they do not: they cannot be two separate transactions if the maker is sued first and yet be a single transaction if the guarantor is sued first. We hold that, although Barr obtained a take-nothing judgment in his favor in his capacity as guarantor of Bar III's indebtedness to Sunbelt, Sunbelt was not precluded by the doctrine of res judicata from suing Barr in his capacity as a general partner of Bar III. We sustain Sunbelt's first point of error.

## SUNBELT'S MOTION

■ Sunbelt also asserts the trial court erred by failing to grant it summary judgment against Barr on his liability as a general partner of Bar III. It argues the undisputed facts established each of the elements of its cause of action for debt. *See Loomis v. Republic Nat'l Bank of Dallas,* 653 S.W.2d 75, 77 (Tex.Civ.App.— Dallas 1983, writ ref'd n.r.e.). Barr responds the rules of civil procedure required the trial court to deem that Sunbelt admitted the requests for admissions that Barr served on Sunbelt. *See* TEX.R.CIV.P. 169. The deemed admissions established Barr

was not indebted to Sunbelt. Barr also argues the affidavit he submitted in support of his response to Sunbelt's motion for summary judgment raised a material fact issue as to Barr's liability. He also argued that the doctrine of res judicata precluded summary judgment for Sunbelt.

Barr's affidavit asserts that Sunbelt released him from all liability under the note and guaranty when he transferred his interest in the partnership to Knott and a third party. We hold Barr raised an issue of material fact. *See Clear Creek,* 589 S.W.2d at 678–79. We overrule Sunbelt's second point of error.

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

MALONEY, Justice, dissenting.

I dissent. Our majority fails to apply the principle of res judicata articulated in *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768 (Tex.1979).

Sunbelt concedes that res judicata not only bars a second suit on claims considered in the first suit but also claims that *could have been* considered, provided that all the claims arise from the same subject matter. However, Sunbelt also argues that res judicata only applies "when the cause of action in the subsequent suit is identical to the cause of action asserted in the prior proceeding." Sunbelt cites *Griffin v. Holiday Inns of America,* 496 S.W.2d 535, 538 (Tex.1973), as authority for its position.

The *Griffin* court held that a judgment against a contractor in a breach of contract action did not bar a subsequent suit in quantum meruit. Because the causes of action were different in the two lawsuits, res judicata did not bar the second lawsuit. *Id.* at 539. Sunbelt contends that a suit on a guaranty and a suit against a general partner on a note signed by the partnership are different causes of action, and res judicata should not apply.

Barr maintains that res judicata does not depend upon whether the second lawsuit seeks recovery on the same cause of action

as the first. He asserts that *Crow Iron Works* establishes a different test. *Crow Iron Works* states:

> The scope of res judicata ... precludes a second action ... not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.

582 S.W.2d at 771–72. Barr argues that the "same subject matter" or "same transaction" test is broader than the "same cause of action" test. Barr urges that the execution of the promissory note and his signing of the guaranty were part of the same transaction or subject matter. He contends that because Sunbelt could have sued him on the guaranty and on the note in the first lawsuit, res judicata bars the second lawsuit.

*Griffin* and *Crow Iron Works* differ on the scope of res judicata. The *Griffin* court held only that a losing contractor in a breach of contract action could sue again in quantum meruit. The *Griffin* court stated:

> Courts generally agree that a judgment is conclusive as to all matters that were considered or *should have been considered* in the first suit. The problem is in determining how much of what could have been considered in the first suit, but was not, is merged in or barred by the judgment rendered. As a general rule a judgment on the merits in a suit on one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit.

*Griffin*, 496 S.W.2d at 538 (emphasis added). The *Griffin* court reasoned that, because quantum meruit and breach of contract are different causes of action, and they require proof of different facts, a judgment on the breach of contract claim did not bar the quantum meruit claim. By implication, the court ruled that the quantum meruit claim was not one that *should have been considered* in the breach of contract action.[1]

In *Crow Iron Works*, decided six years after *Griffin*, the supreme court enlarged res judicata. In 1956, the State of Texas filed a lawsuit to determine water use rights to the Rio Grande between Falcon Reservoir and the Gulf of Mexico (The Valley Water case). The trial court took judicial custody of the waters of the Rio Grande and filed a lis pendens notice in each of the four counties affected by the suit. The notice instructed anyone claiming water rights to enter the lawsuit. The judgment in the Valley Water case became final in 1970. Several years later, Crow Iron Works and others sought to increase their water usage. The Texas Water Rights Commission denied their petition. Crow Iron Works and the other plaintiffs filed suit to set aside the Commission's order. The supreme court ruled:

> All the requirements of res judicata have been shown in this cause. Although the record does not reveal whether Crow Iron Works, et al.'s predecessors ... asserted the water rights in question here, they might have asserted these rights. We therefore hold that the judgment in the Valley Water Case is res judicata of the water rights asserted by Crow Iron Works, et al.

*Crow Iron Works*, 582 S.W.2d at 772. The *Crow Iron Works* court did not mention the considerations explained in *Griffin*. It established a new res judicata test—whether the claims or defenses alleged in the second suit arose from the same subject matter litigated in the first lawsuit, and which *might have been asserted* in the prior suit. *Crow Iron Works*, 582 S.W.2d at 771–72.

The Supreme Court of Texas has not expressly overruled *Griffin*, but subsequent cases have confined it to its facts. The rule enunciated in *Crow Iron Works* declares the current law in Texas. We have applied that rule in recent cases. *See Starnes v. Holloway*, 779 S.W.2d 86, 97–98 (Tex.App.—Dallas 1989, writ denied); *Vartanian Family Trust No. 1 v. Galstian Family Trust*, 724 S.W.2d 126, 128 (Tex.

---

**1.** If the contractor in *Griffin* should have pleaded quantum meruit in the first lawsuit and did

not, presumably res judicata would have barred the second lawsuit.

App.—Dallas 1987, no writ). The *Crow Iron Works* "same subject matter" test also comports with the Restatement (Second) of Judgments:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all the rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action rose.

RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982).

Until the Supreme Court of Texas determines differently, we should apply the *Crow Iron Works* standard. Res judicata principles bar Sunbelt's suit against Barr in his capacity as primary obligor if: 1) Sunbelt could have asserted in the guaranty lawsuit the claims it later asserted in the partnership lawsuit and 2) the claims in the partnership lawsuit arose from the same transaction or subject matter as the claims asserted in the guaranty lawsuit. *Id.; Perryco, Inc. v. FDIC*, 777 S.W.2d 549, 555 (Tex.App.—El Paso 1989, no writ).

Sunbelt could have brought all of its claims against Barr in the guaranty lawsuit. "The plaintiff in his petition ... may join either as independent or as alternative claims as many claims ... as he may have against an opposing party." TEX.R.CIV.P. 51(a). We need only determine whether execution of the promissory note and Barr's signing of the guaranty arose from the same transaction or subject matter.

There is no universal definition of "transaction" or "subject matter," but the Restatement (Second) provides:

> What factual grouping constitutes a "transaction", ... [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982).

Barr signed the personal guaranty on the same day that the partnership executed the original (1985) promissory note. In its first amended petition in the partnership lawsuit, Sunbelt alleged that Barr signed the guaranty "as part of the same transaction" as the partnership's execution of the first promissory note. Sunbelt still had Barr's guaranty when it renewed the note one year later. The execution of the promissory note and Barr's giving of the guaranty were related in time, space, origin, and motivation. *Id.* The validity of the note was necessary to show Barr's liability on the guaranty. The note and the guaranty form a convenient trial unit, even if Sunbelt chose not to assert both theories in the same suit.

Restatement (Second) of Judgments, section 25, also clarifies the definition of "transaction":

> The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
>
> (1) To present evidence or grounds or theories of the case not presented in the first action, or
>
> (2) To seek remedies or forms of relief not demanded in the first action.

RESTATEMENT (SECOND) OF JUDGMENTS § 25 (1982); *see also Perryco*, 777 S.W.2d at 555. When read together, sections 24 and 25 compel the conclusion that the execution of the promissory note and the giving of the guaranty formed part of the same transaction or subject matter, the extension of the loan.

Sunbelt had available two different theories of liability—the promissory note and the guaranty. However, Sunbelt was entitled to only one recovery of its loan. Whether Sunbelt sued on the partnership's note or on Barr's guaranty, Sunbelt had only one claim against Barr, a claim for the past-due principal and interest. *See McRoberts v. Tesoro Sav. & Loan Ass'n*, 781 S.W.2d 705, 706 (Tex.App.—San Antonio 1989, no writ) (when the primary obligors and the guarantors are the same individu-

als, the lender is entitled to only one recovery).

When Sunbelt chose to pursue its two theories of the case in different lawsuits, it ran the risk that losing the first lawsuit would bar the second. The final judgment in the guaranty lawsuit precludes Sunbelt's claim against Barr in the partnership lawsuit.

I would overrule both of Sunbelt's points of error and affirm the trial court's judgment.