

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00396-CV

**HIREN JAIN,**

                                                          **Appellant**

 **v.**

**PLAINSCAPITAL BANK,**

                                                          **Appellee**

From the 249th District Court
Somervell County, Texas
Trial Court No. C10319

## MEMORANDUM OPINION

In three issues, appellant, Hiren Jain, complains about a summary judgment granted in favor of appellee, Plainscapital Bank. Specifically, Jain contends that: (1) Plainscapital did not prove the elements necessary to procure a summary judgment; (2) he presented one or more issues that preclude summary judgment; and (3) the trial court's summary-judgment order is void for lack of subject-matter jurisdiction. We affirm.

# I. BACKGROUND

On or about October 28, 2011, 7M Hospitality, Inc. ("7M"), as the borrower, executed a promissory note with First National Bank ("FNB") in the original principal amount of $3,412,500. The note was purportedly secured by a La Quinta hotel in Glen Rose, Texas. Also on or about October 28, 2011, Jain signed an unconditional personal guaranty of the promissory note for the full amount of $3,412,500, as well as all interest, collection expenses, late fees, acceleration fees, and attorney's fees due on every claim involving the indebtedness of 7M under the note.

By July 17, 2013, 7M had defaulted on the promissory note by failing to repay FNB as promised. As indicated in its letter of default and demand for payment, FNB accelerated the debt and demanded payment of the principal, per-diem interest, court and collection costs, and all fees, including attorney's fees. FNB sent its letter of default and demand for payment to 7M and Jain. Shortly thereafter, FNB went into receivership with the Federal Deposit Insurance Corporation.

On or about September 13, 2013, certain assets of FNB were purchased by or assigned to Plainscapital. Among the assets acquired by Plainscapital was the 7M promissory note. In its filings in the trial court and on appeal, Plainscapital asserts that it has been a holder in due course of the 7M promissory note, as well as Jain's personal guaranty since September 13, 2013.

Jain failed to make payments according to the personal guaranty. Accordingly, on December 3, 2013, Plainscapital sued Jain under the personal guaranty. Jain responded to Plainscapital's lawsuit by filing a general denial and asserting numerous affirmative defenses, among other things. Later, Jain filed a motion to dismiss this lawsuit under the principals of "(1) no justiciable issue[,] (2) judicial estoppel, (3) collateral estoppel, (4) failure of conditions precedent, (5) lack of standing, (6) mootness, and (7) res judicata."

However, while the suit was pending in the trial court, 7M filed for Chapter 11 Bankruptcy protection on November 5, 2013. On May 14, 2014, the bankruptcy court entered an order confirming 7M's plan for reorganization.

On October 27, 2014, Plainscapital filed a traditional motion for summary judgment, arguing that: (1) the personal guaranty is a valid and enforceable contract; (2) Jain is the proper party to sue for breach of contract; (3) Plainscapital and its predecessor-in-interest properly performed their contractual obligations; (4) Jain breached the personal guaranty by failing to make payments on the 7M note; and (5) the breach caused Plainscapital $3,285,966.02 in damages with interest accruing at $280.61 per day. Additionally, Plainscapital requested reasonable and necessary attorney's fees incurred in the prosecution of the suit and any subsequent appeals. Jain filed a lengthy response to Plainscapital's summary-judgment motion.

After a hearing, the trial court granted Plainscapital's traditional motion for summary judgment. The trial court ordered Jain to pay $3,269,126.01 as the amount owed

under the personal guaranty, post-judgment interest at a rate of $279.29 per day and 5% per year on the total judgment, $13,651 in attorney's fees, costs in the amount of $1,016.28, and additional attorney's fees for appeals to this Court and the Texas Supreme Court.[1] Jain filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's grant of a traditional motion for summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a traditional motion for summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Grant*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We will affirm a traditional summary

---

[1] The record reflects that the original order granting summary judgment for Plainscapital indicated that Plainscapital could recover from Harshal S. Patel, the co-signer on the promissory note and the President and Secretary of 7M. However, a Supplemental Clerk's Record contains a judgment nunc pro tunc that reflects a judgment against Jain for the amounts owed under the promissory note and, by extension, the guaranty agreement.

judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Moreover, a party relying on an affirmative defense to defeat a motion for summary judgment must raise a genuine issue of material fact as to each element of the defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, pet. denied).

### III. ANALYSIS

#### A. The Jurisdiction of the Trial Court

In his third issue, Jain argues that the trial court's order granting summary judgment is void for lack of subject-matter jurisdiction. Specifically, Jain complains about the motion to dismiss he filed in the trial court.

At the outset, we note that Jain did not secure a ruling from the trial court on his motion to dismiss. Texas Rule of Appellate Procedure 33.1(a) requires a timely request, objection, or motion to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). Rule 33.1(a)(2) also required Jain to secure a ruling on his motion to dismiss from the trial court or object to the trial court's refusal to rule. *See id.* at R. 33.1(a)(2). Jain has done neither. Accordingly, we cannot say that he has preserved his complaints in this issue. *See id.*

In any event, even if Jain had obtained a ruling from the trial court, a review of Jain's motion to dismiss reveals that his arguments are based on the same contention that his obligations under the guaranty agreement were extinguished or modified by 7M's Chapter 11 reorganization plan, and thus, the bankruptcy court had exclusive jurisdiction over this matter. As we explain later, Jain's obligations under the guaranty agreement were not modified or extinguished by 7M's Chapter 11 reorganization plan. As such, Jain's motion to dismiss lacks merit. We therefore overrule Jain's third issue.

**B.      The Guaranty Agreement, Bankruptcy, and Jain's Affirmative Defenses**

In his first issue, Jain contends that Plainscapital did not prove all elements necessary to obtain a summary judgment. Specifically, Jain argues that: (1) Plainscapital did not prove the occurrence or conditions upon which liability is based; (2) the terms of the guaranty were not strictly followed; (3) Plainscapital failed to prove ownership of the guaranty; (4) Plainscapital failed to prove default on the underlying note; and (5) Plainscapital failed to prove the balance due on the underlying note.

In its live pleading, Plainscapital asserted a claim under the personal guaranty executed by Jain. In other words, Plainscapital alleged that Jain breached the guaranty agreement. To recover on a breach of a guaranty agreement, the plaintiff, Plainscapital, must prove: (1) the existence and ownership of the guaranty agreement; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor.

*See Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App.—Waco 2004, pet. denied) (citing *Escalante v. Luckie*, 77 S.W.3d 410, 416 (Tex. App.—Eastland 2002, pet. denied); *Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631 (Tex. App.—Dallas 1994, no writ)); *see also Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex. App.—Dallas 2013, no pet.).

Plainscapital attached the following evidence to its traditional motion for summary judgment: (1) an affidavit of Michael Cocanougher, a Senior Vice President and Asset Manager for Plainscapital; (2) the underlying promissory note executed by 7M; (3) Jain's personal guaranty agreement associated with the 7M promissory note; (4) "Plaintiff's Notice of Default, Demand for Payment, and Notice of Intent to Accelerate to Defendant; Notice of Prior Acceleration and Foreclosure Sale"; and (5) an affidavit executed by Plainscapital's counsel. As noted above, the promissory note indicated that 7M borrowed $3,412,500 from FNB on or about October 28, 2011. On the same date, Jain executed an unconditional personal guaranty to FNB for the full principal amount of the promissory note. Cocanougher's affidavit also describes this information. Furthermore, as indicated in Cocanougher's affidavit, on or about September 13, 2013, Plainscapital purchased 7M's promissory note and began to service the note immediately. However, 7M eventually defaulted on the promissory note.

In any event, on July 17, 2013, Plainscapital's predecessor-in-interest, FNB, sent 7M and Jain, by certified mail, the "Notice of Default, Demand for Payment[,] and Notice of Intent to Accelerate" letter. In this letter, 7M and Jain were informed that payments

under the promissory note for May 28, 2013 and June 28, 2013 were missed. 7M and Jain also defaulted by failing to pay 2012 ad valorem taxes due on the property securing the note. FNB indicated its intent to accelerate the indebtedness under the promissory note. Later, on September 9, 2013, FNB informed 7M and Jain of its intent to sell the property securing the promissory note at a foreclosure sale due to the failure of 7M and Jain to cure the above-mentioned defaults. And in his affidavit, Cocanougher stated that, as of the date of the affidavit, the outstanding balance on the promissory note "with interest is $3,285,966.02, with interest accruing at $289.61 per day thereafter."

In his response to Plainscapital's motion for summary judgment, Jain attached copies of numerous pleadings, as well as affidavits executed by him and his wife. First, we note that "[p]leadings do not constitute summary-judgment proof" and "the non-movant must expressly present to the trial court any reasons seeking to avoid" summary judgment and "present summary judgment proof when necessary to establish a fact issue." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (noting that sworn pleadings are not summary-judgment evidence); *see also Welch v. Milton*, 185 S.W.3d 586, 594 (Tex. App.—Dallas 2006, pet. denied) (stating that pleadings are not summary-judgment proof and "conclusory statements are not proper summary judgment proof"). Second, the affidavits of Jain and his wife suggest that no default occurred on the promissory note or the guaranty because of the bankruptcy filing made by 7M. However,

as we determine later, 7M's bankruptcy filing did nothing to extinguish Jain's liability under the guaranty agreement.  Therefore, based on the foregoing, we conclude that Plainscapital's summary-judgment evidence proved the existence and ownership of the guaranty agreement, the terms of the underlying promissory note, the occurrence of conditions precedent upon which liability is based, and the failure of Jain to perform under the guaranty agreement.  *See Byrd*, 154 S.W.3d at 157; *Escalante*, 77 S.W.3d at 416; *Marshall*, 878 S.W.2d at 631; *see also Brewer*, 400 S.W.3d at 160.  We further conclude that Jain's summary-judgment evidence failed to raise a material fact issue on the aforementioned elements.

However, despite the foregoing, in his second issue, Jain asserts that 7M presented one or more issues that would preclude summary judgment and demonstrate that the guaranty agreement is not a valid, enforceable contract.  Specifically, Jain argues that:  (1) 7M is not in default because the underlying promissory note was discharged in bankruptcy; (2) the damages awarded are not justified because not all offsets and credits were given; (3) one or more affirmative defenses of judicial estoppel, collateral estoppel, quasi-estoppel, fraud on the court, accord and satisfaction, and novation applied; (4) there was a failure of conditions precedent, thereby relieving Jain of liability; and (5) the affirmative defenses for setoff, recoupment based on fraud, capacity, privity, and defect of parties precludes summary judgment.  We are not persuaded by any of Jain's arguments in his second issue.

First, it is well-settled law that a discharge in bankruptcy does not affect the liability of a guarantor. *See Austin Hardwoods v. Vanden Berghe*, 917 S.W.2d 320, 324 (Tex. App.—El Paso 1995, writ denied) ("It is settled law, both at the federal and state level, that a discharge in bankruptcy does not affect the liability of a guarantor. . . . [A]nd it is well-settled law that modification of a corporate debt through a confirmed reorganization in bankruptcy does not constitute a material alteration of the underlying obligation so as to release a guarantor." (citing *NCNB Tex. Nat'l Bank v. Johnson*, 11 F. 3d 1260, 1266 (5th Cir. 1994); *United States v. Stribling Flying Serv., Inc.*, 734 F.2d 221, 223 (5th Cir. 1984); *R.I.D.C. Indus. Dev. Fund v. Snyder*, 539 F.2d 487, 492 (5th Cir. 1976))); *see also Thomas v. Stephen & Co., P.C.*, No. 05-01-00087-CV, 2002 Tex. App. LEXIS 8192, at *24 (Tex. App.— Dallas Nov. 30, 2002, no pet.) (mem. op.) ("In general, a discharge in bankruptcy does not affect any other entity's liability on the debtor's debt." (citing 11 U.S.C. § 524(e))). The Fifth Circuit has mentioned:

> The discharge of a debtor in reorganization proceedings does not affect a guarantor's liability. In *Stribling*, the guarantors similarly argued that their obligations as guarantors were terminated by the Chapter 11 proceeding in that the confirmation of the plan cured the default on the note, leaving them liable only on the reduced debt, and that the confirmation order acted as collateral estoppel or res judicata as to a claim against the guarantor on the original debt. This court stated that the central fallacy of this analysis is that it fails to consider section 524(e) of the Bankruptcy Code. Section 524(e) provides that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity, for such debt."
>
> Similarly, in *R.I.D.C. Indus. Dev. Fund v. Snyder*, . . . we rejected arguments (similar to those presently made) by the guarantors of a corporate debt that

was modified in Chapter XI proceedings, holding that the reorganization plan did not affect the responsibility of the guarantors to fulfill their obligation on the unpaid portion of the guaranteed debt that remained after the plan was completed. Anderson's theory would defeat the purpose of loan guaranties; *after all, a lender obtains guaranties specifically to provide an alternative source of repayment in the event that the primary obligor's debt is discharged in bankruptcy. Accordingly, the Bankruptcy Code provides that discharge in bankruptcy will not alter the liability of guarantors.*

*Johnson*, 11 F.3d at 1266 (internal citations omitted) (emphasis added); *see Sunbelt Sav, FSB v. Barr*, 824 S.W.2d 600, 603 (Tex. App.—Dallas 1991), *rev'd on other grounds*, 837 S.W.2d 627 (Tex. 1992) ("Yet, a guaranty does not entitle a creditor to a double recovery; [i]t merely provides an alternative source of recovery if the primary obligor becomes insolvent.").

With that in mind, we examine the precise language of the guaranty in this case. Paragraphs four and six of Jain's guaranty agreement provide the following:

4. This guaranty is an absolute, irrevocable, unconditional, and continuing guaranty of payment and performance and not of collection.

. . . .

6. Guarantor will remain liable for the Guaranteed Indebtedness [the 7M promissory note] even though the Guaranteed Indebtedness may be unenforceable against or uncollectable from Borrower or any other person because of incapacity, lack of power or authority, discharge, or any other reason.

Furthermore, the summary-judgment evidence reflects that 7M failed to make loan payments and pay ad valorem taxes under the promissory note that Jain guaranteed.[2] As a result, FNB demanded payment from 7M and Jain, and in response, 7M filed for bankruptcy under Chapter 11. However, based on the law mentioned above, the bankruptcy proceedings had no effect on Jain's liability under the guaranty agreement. *See Johnson*, 11 F. 3d at 1266; *Stribling Flying Serv., Inc.*, 734 F.2d at 223; *Snyder*, 539 F.2d at 492; *Austin Hardwoods*, 917 S.W.2d at 324; *see also Thomas*, 2002 Tex. App. LEXIS 8192, at *24. We therefore cannot agree with Jain's assertion that 7M did not default on the promissory note, and thus, Jain is not liable under the guaranty agreement.

Next, we address Jain's arguments regarding his various affirmative defenses. In his first amended original answer, affirmative defenses, and counterclaim, Jain asserted that he was sued in the wrong capacity; that there is not privity between Plainscapital and him; and that numerous affirmative defenses applied, including credits and offsets, discharge in bankruptcy, double recovery and mootness, judicial and collateral estoppel, quasi-estoppel, fraud on the court, accord and satisfaction, novation, recoupment and setoff. Most of Jain's affirmative defenses—the lack of capacity, lack of privity, defect of the parties, failure to provide credits and offsets, double recovery, mootness, all estoppel

---

[2] On appeal, Jain also asserts that the promissory note is non-existent and was replaced with a new obligation under the Chapter 11 reorganization plan. In support of these contentions, Jain relies on two bankruptcy decisions in *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R. 109 (Bankr. N.D. Tex. 2002) and *In re Seatco*, 257 B.R. 469 (Bankr. N.D. Tex. 2001). We note that Jain did not clearly make this argument in his summary-judgment response and, instead, raises this for the first time on appeal.

theories, accord and satisfaction, and novation—are premised on the assumption that 7M's bankruptcy altered or extinguished Jain's liability under the guaranty agreement. As we concluded earlier, the bankruptcy proceedings had no effect on Jain's liability under the guaranty agreement. *See Johnson*, 11 F.3d at 1266; *Stribling Flying Serv., Inc.*, 734 F.2d at 223; *Snyder*, 539 F.2d at 492; *Austin Hardwoods*, 917 S.W.2d at 324; *see also Thomas*, 2002 Tex. App. LEXIS 8192, at \*24. Furthermore, it has been held that a guaranty agreement does not entitle a creditor to a double recovery. *See Barr*, 824 S.W.2d at 603. Therefore, in light of the foregoing, we cannot say that Jain has produced evidence raising a genuine issue of material fact as to each element of these affirmative defenses. *See Brownlee*, 665 S.W.2d at 112; *see also Birenbaum*, 971 S.W.2d at 504.

With regard to his affirmative defenses of setoff and recoupment based on fraud, Jain contends that FNB made misrepresentations regarding the value and earnings of motels sold to 7M and promised to limit his liability to 20% of the overall debt. However, other than his own self-serving affidavit, Jain does not direct us to any contractual agreement or provision or other evidence in support of his contentions. *See Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.) (stating that an affidavit of an interested party may serve as competent summary-judgment evidence under Texas Rule of Civil Procedure 166a(c) if the affidavit is "clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted" and that an affidavit that makes self-serving, conclusory statements without any underlying

factual detail or support is not competent summary-judgment evidence).  Accordingly, Jain has failed to present evidence sufficient to satisfy his burden of raising a material fact issue as to the elements of these affirmative defenses.  *See Brownlee*, 665 S.W.2d at 112; *see also Birenbaum*, 971 S.W.2d at 504.

Based on the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of Plainscapital.  *See* TEX. R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 215; *Grant*, 73 S.W.3d at 215.  We overrule Jain's first two issues on appeal.

## IV.    CONCLUSION

Having overruled all of Jain's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 26, 2017
[CV06]

