Jesse H. OUTLAW, Appellant,

v.

William L. NOLAND, Appellee.

No. 16198.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 24, 1974.

Rehearing Denied Feb. 21, 1974.

Second Rehearing Denied March 21, 1974.

James C. Brady, Houston, for appellant.

Ellis F. Morris, Houston, for appellee.

EVANS, Justice.

Appellant, Jesse Outlaw, brought this action in the nature of a bill of review to set aside a summary judgment entered against him in a trespass to try title action. Outlaw alleged that he had meritorious cause of action in the first suit; that severe illness had prevented him from being present in court at the time the summary judgment was entered against him; that he was without fault or negligence, and that the prior judgment was fundamentally erroneous and void in that it affirmatively decreed the defendant recover title and possession of the property in suit when no cross-action had been filed or affirmative relief requested. At the close of appellant's evidence in the present case, the trial court discharged the jury and instructed a verdict in favor of appellee.

We are met at the outset with a problem not specifically raised by the briefs but which should be first considered in determining whether appellant's action constitutes a direct or collateral attack on the prior judgment.

Although the judgment and record in the trespass to try title action was not brought forward for our review, plaintiff's petition in this case shows that the prior action was initially filed in the 165th Judicial District Court of Harris County. Appellant's present action was filed in the 129th Judicial District Court of Harris County but was apparently transferred to the 189th Judicial District Court of Harris County for trial, and judgment entered in that court signed by the Honorable Jack Smith as "Judge Presiding."

It is a traditional rule that a direct attack upon a former judgment must be brought in the same court in which the judgment was entered. A suit to set aside the former judgment of another court, even when vested with concurrent jurisdiction in the same county, has been held to constitute a collateral attack. Empire Gas & Fuel Company v. Albright, 126 Tex. 485, 87 S.W.2d 1092 (Tex.Sup.1935). Once jurisdiction has attached in the proper court, the cause may be transferred, in appropriate cases, to another court for trial. South Texas Development Company v. Martwick 328 S.W.2d 230 (Tex.Civ.App.—Waco 1959, writ ref. n. r. e.); Rule 330, Texas Rules of Civil Procedure; see also Boyles v. Cohen, 230 S.W.2d 604 (Tex.Civ.App.—Galveston 1950, writ ref. n. r. e.). However, we find no showing in the record that the jurisdiction of the 165th Judicial District Court was ever invoked in the pending case. We are therefore of the opinion that appellant's action fails as a direct attack on the summary judgment rendered by the 165th Judicial District Court and constitutes, instead, a collateral attack on that judgment. Empire Gas & Fuel Co. v. Albright, supra.

We are further of the opinion that the trial court properly entered judgment for appellee, even if this action be considered a direct attack on the prior judgment. Appellee's motion for summary judgment in the prior action was heard on November 23, 1970 and judgment was entered on December 7, 1970. Appellant testified that on the date of hearing he was ill at home;

that he was under the care of a physician, and that a couple of days prior to November 23 he had been in the hospital. While appellant testified that he did not learn that the judgment had been entered until a month later, he also testified that on December 3, 1970 he brought the deed under which he claimed title to the Harris County Court House and recorded it and that at that time he was aware that a hearing had been scheduled seven days prior to that time. However, while at the court house appellant made no attempt to contact the court and find out what happened at the hearing and said he knew of no reason why he should inquire as to the status of his case.

There is no evidence in the record showing any diligence on the part of appellant to learn the results of the hearing which he admits he knew was scheduled in court. He claims ignorance of the result of the hearing but has not justified his lack of diligence in ascertaining what resulted from the hearing. As stated in McDonald, Texas Civil Practice (1971 rev.), Vol. 4, Sec. 19.27.6 at p. 329:

> ". . . A person is charged with knowledge of all facts which he could have discovered by due diligence, and one who claims ignorance of an adverse judgment for a period of time after its rendition must justify his lack of knowledge. From the date he learns of the decree, or by the exercise of due diligence would have learned of it, the complainant must seize upon all legal remedies still available, including motion for new trial, appeal or writ of error . . ."

Appellant's own testimony reflects that he was well and at the court house within a short period of time following the date of hearing on the motion for summary judgment; at that time he had adequate remedies available to him to prevent the judgment from becoming final. However, he made not the slightest inquiry as to what might have resulted from the hearing and offers no justification for his obvious

lack of diligence. The trial court properly determined, as a matter of law, that there was no evidence tending to show that appellant had exercised due diligence in availing himself of adequate legal remedies against the former judgment. Appellant therefore failed to prove an essential element of his case. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); French v. Brown, 424 S.W.2d 893 (Tex. Sup.1967); Ziebarth v. Lee & Beulah Moor Children's Home, 431 S.W.2d 798 (Tex.Civ.App.—El Paso 1968, no writ hist.).

■ We further hold that the summary judgment entered in the trespass to try title action was not void or voidable as contended by appellant. Appellant asserts in his brief, and appellee does not deny, that the summary judgment decreed not only that appellant take nothing but also, affirmatively, that appellee recover of and from the defendant title and possession of the land in controversy.

In Permian Oil Co. v. Smith, 73 S.W.2d 490 (Tex.Sup.1934), the well established rule is stated thus:

> "The doctrine has been thoroughly settled by repeated decisions of the courts of this state that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title in the land involved is in the defendant, and such judgment is equally as effective for that purpose as when expressly vesting title in the defendant."

While the trial court's decree may have gone further than required in affirmatively adjudicating that the plaintiff recover title and possession from defendant, this accomplished nothing other than to define the legal effect of the judgment. French v. Olive, 67 Tex. 400, 3 S.W. 568 (1887); McDonald, Texas Civil Practice (rev. 1971), Vol. 4, Sec. 17.11, p. 81.

For the reasons hereinabove stated we overrule appellant's points of error 1

through 6. In view of our decision on the foregoing matters, it is unnecessary that we consider appellant's points 7 through 9 asserting error of tne trial court in excluding certain testimony.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ In motion for rehearing, appellant asserts that we erroneously referred to the judgment in the prior suit as a "take nothing" judgment, and that it, in fact, did not afford the plaintiff any relief. Appellant did not make the judgment in the prior action part of the record in these proceedings and the recitation which appellant states was contained in the former judgment, and which is quoted in appellant's motion for rehearing, is dehors the record; it is therefore not before us for consideration. Further, we can perceive of no vice in the former judgment merely because it might have denied, or refused to grant, the plaintiff relief in that case and, additionally, granted to the defendant affirmative relief of title and possession. French v. Olive, supra.

Motion for rehearing is overruled.