B. J. McCOMBS, Appellant,

v.

Susan Parrish FORNEY, Appellee.

No. 17697.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 14, 1980.
Rehearing Denied Oct. 2, 1980.

Casseb, Leon, Rodgers, Strong & Pearl, Richard G. Strong and Solomon Casseb, Jr., San Antonio, for appellant.

Abel & Coleman, Tom F. Coleman, Jr., Percy Foreman, Houston, for appellee.

Before WARREN, PEDEN and EVANS, JJ.

On Motion for Rehearing

WARREN, Justice.

The opinion filed on August 14, 1980, is withdrawn and is replaced by this opinion.

This is an appeal by a third–party defendant in a bill of review action from an order overruling his plea of privilege.

In August of 1977, William H. Forney filed suit for divorce against appellee. Appellee filed a cross–action for divorce and joined appellant as a third–party defendant. Appellant timely filed a plea of privilege to that action and appellee did not file a controverting affidavit to the plea until September of 1978, long past the time allowed by Rule 86, Texas Rules of Civil Procedure. Under these circumstances appellant was

entitled to have the cause, as it applied to him, transferred to the county named in his controverting affidavit, unless appellee established a reasonable excuse for noncompliance with the Rule. R. McDonald, 1 Texas Civil Practice § 4.48 (1965). Before appellant's motion to transfer the cause was heard, Mr. and Mrs. Forney settled the divorce suit and appellee's third–party action against appellant was, without notice to him, dismissed with prejudice.

In September of 1979, appellee filed a bill of review, alleging among other things that her former husband had wrongfully secreted assets which were community property and that the settlement in November of 1978 was obtained by duress and fraud. Once again appellant was brought in as a third party and once again he filed a plea of privilege. This time appellee timely filed a controverting affidavit alleging that venue was proper in Harris County under subdivisions 4, 16 and 29a, Art. 1995, V.A.C.S.

Appellee's suit for bill of review attacks the validity of the divorce decree and must be brought in the court which entered the decree. This is jurisdictional rather than a venue matter. *Switzer v. Smith*, 300 S.W. 31 (Tex.Comm.App.1927); *Byrd v. Guyler*, 310 S.W.2d 747 (Tex.Civ.App.–San Antonio 1958, writ dism'd); *Outlaw v. Noland*, 506 S.W.2d 734 (Tex.Civ.App.–Houston [1st Dist.] 1974, no writ).

However, the validity of the judgment is but the first issue in a bill of review, the other being the relief, if any, to which the parties are entitled. *Swenson v. Swenson*, 466 S.W.2d 424 (Tex.Civ.App.–Houston [1st Dist.] 1971, no writ). These are issues which may be tried separately under Rule 174(b), T.R.C.P. *Warren v. Walter*, 414 S.W.2d 423 (Tex.1967); *Swenson v. Swenson, supra*.

Rule 174(b) reads:

"Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross–claim, counterclaim, or third–party claim, or of any separate issue or of any number of claims, cross–claims, counterclaims, third–party claims, or issues."

Although the determination of the validity of the previous judgment is jurisdictional, we have found no authority holding that the determination of the relief, if any, to which the parties are entitled is also jurisdictionally set. There is no reason why the venue of the underlying action should be jurisdictionally set in the court dismissing the previous action, where it was either determined or admitted in the previous action that venue against the third–party on the same cause of action was improperly laid.

In this case, which is a case of first impression, it would seem that equity would require that the issues be tried separately. If the judgment is not vacated as to the underlying cause of action against appellant, then there would be no need to consider transferring the cause of action against appellant. If the judgment is vacated, then his plea of privilege should be sustained because venue as to the underlying cause of action was settled in the prior proceeding. This is so because when appellee dismissed her cause in the prior suit after having failed to timely file her controverting affidavit she abandoned her contest of the plea of privilege and made an admission that the plea was well taken. *Tempelmeyer v. Blackburn*, 141 Tex. 600, 175 S.W.2d 222 (1943). However, should the trial judge, after hearing on a written motion, find that good cause existed for the late filing of the controverting plea under Rule 5(b), Tex.R.Civ.Proc., then appellant's plea of privilege should be heard and ruled on by the trial court. See *Gulf Oil Corp. v. Cantrell*, 387 S.W.2d 416 (Tex.Civ.App.–Beaumont 1965, writ dism'd) and *Poston Feed Mill Company v. Leyva*, 438 S.W.2d 366 (Tex.Civ.App.–Houston [14th Dist.] 1969, writ dism'd).

Motion for rehearing overruled, and the order of the trial court is affirmed.