**K.F., a Minor By and Through her Next Friend Constance Rose FAOUR, Appellant,**

v.

**Daniel John FAOUR, Appellee.**

No. 01–88–00113–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1988.

Rehearing Denied Jan. 12, 1989.

Paul E. Nunu, Houston, for appellant.

Warren Cole, Law Offices of Hohn F. Nicols & Assoc., Sherry B. Angelo, Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

OPINION

EVANS, Chief Justice.

The dispositive question in this case is whether the doctrine of res judicata, which

is based on a prior divorce judgment, precludes the appellant, who sues on behalf of her minor daughter, from asserting her daughter's damage action for sexual abuse that allegedly occurred prior to the entry of a divorce decree. We hold that the appellant is not precluded, as a matter of law, and that the trial court erred in rendering the take-nothing summary judgment.

The divorce judgment was entered by agreement of the parties in July 1985. The decree, which is some 40 pages in length, terminated the parties' marital relationship, divided their properties, and provided for visitation and child support. Neither the pleadings in the divorce proceedings nor the provisions of the divorce decree contain any allegations of sexual abuse.

The appellee asserts, in essence, that the divorce decree is res judicata of the issue of sexual abuse, because that matter was within the knowledge of both parties and considered by them in effectuating a settlement of the divorce action. In the appellee's affidavit, which is attached to his motion for summary judgment, he contends that he only agreed to the destruction of the transcription notes of his former wife's deposition because of his reliance upon the representations of his wife's lawyer that, if a settlement was reached, the sexual abuse charges would not be pursued. He states that he would not have agreed to the destruction of the deposition notes if he had known that he would later be sued for the alleged sexual abuse of his daughter. He states that because of the destruction of such notes, he cannot use his wife's prior deposition to refute her charges of sexual abuse.

In March 1986, less than a year after the entry of the divorce decree, the appellant brought suit, on behalf of her minor daughter, seeking damages for the alleged sexual abuse of her daughter, in the United States District Court for the Southern District of Texas. By agreement of the parties, the federal action was transferred in 1987 to the state divorce court, and the appellee then filed the instant motion for summary judgment asserting that the appellant's claims were barred by the doctrines of res judicata and laches. On October 21, 1987, the trial court denied the appellant's motion for filing a late response, for a continuance, and for a non-suit, and entered the take-nothing judgment in favor of the appellee.

In her first two points of error, the appellant contends that the summary judgment cannot be sustained under the doctrine of res judicata and laches, and that the appellee's motion for summary judgment is legally insufficient to support the judgment.

■ In Texas, the rule of res judicata bars relitigation of all issues connected with a cause of action or defense that have been tried and finally determined in a former action, and also all issues so connected that, with the use of diligence, might have been so tried and determined. *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex. 1971). But issues that are not actually tried and determined in the first action will not be precluded from relitigation, unless those issues were essential to the judgment of the prior suit. *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); *Vartanian Family Trust No. 1 v. Galstian Family Trust*, 724 S.W.2d 126 (Tex.App.—Dallas 1987, no writ).

■ Here, the issue of sexual abuse could probably have been asserted in the prior divorce action. But neither the pleadings nor the terms of the divorce decree show that the issue was asserted and determined in the divorce court. Although the record reflects that the issue was discussed by the parties in their settlement negotiations, there is no showing that the divorce court adjudicated that issue in its decree.

The decision in *Pennington v. Pennington*, 195 S.W.2d 677 (Tex.Civ.App.—Texarkana 1946, no writ), asserted by the appellee, is inapplicable to the facts of this case. There, the husband was granted a divorce on the grounds of cruel treatment, and thereafter the parties remarried. About one year later, the wife sued the husband on the ground of cruel treatment, and the husband filed a cross-action alleging acts of marital misconduct that had occurred during the prior marriage. The court sim-

ply held that "proof of misconduct of either party prior to the rendition of the decree of divorce is not admissible in a subsequent proceeding brought either for change of custody of children or for a divorce from the remarriage of the parties." *Id.* at 678.

A case more nearly in point is *Green v. Doakes*, 593 S.W.2d 762 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). In that case, a divorced spouse sued her former husband to partition and sell certain real property, which the parties owned as tenants in common following their divorce. The defendant argued that the divorce decree had adjudicated the parties' rights regarding the property and, therefore, that any subsequent judgment regarding the same property was barred by the doctrine of res judicata. This Court overruled that contention, concluding that the suit for partition was a new cause of action that had not been adjudicated in the divorce proceeding. *Id.* at 764.

We conclude that the summary judgment record does not conclusively show that the issue of sexual abuse was actually litigated or was essential to the judgment in the divorce action. Therefore, we hold that the appellee has failed to demonstrate, as a matter of law, that the appellant's cause of action is precluded by the doctrine of res judicata. We accordingly sustain the appellant's first two points of error.

Because of our disposition of the first two points of error, we do not consider the appellant's remaining contentions challenging the summary judgment on additional grounds. Moreover, since our disposition is based solely on a determination that the summary judgment was improperly granted, we expressly decline comment on any other evidentiary issues raised by the parties' briefs. *See Jones v. Memorial Hosp. Sys.*, 746 S.W.2d 891, 896–97 (Tex.App.—Houston [1st Dist.] 1988, no writ).

The judgment of the trial court is reversed, and the cause is remanded for trial.

COHEN, J., concurs.

LEVY, J., dissents.

COHEN, Justice, concurring.

I agree with the majority opinion, but I would also reverse for the additional reason that the doctrine of res judicata should not apply here because there is no identity of parties. The real party in interest in the instant tort case is the child, who is represented by her mother as next friend only because, as a minor, she cannot sue in her own name. The child was not a party, in any capacity, to the prior divorce suit, and the mother is not a party to this suit, except as the child's representative. Thus, identity of parties, a prerequisite to doctrine of res judicata, has not been conclusively proved so as to support the summary judgment.

LEVY, Justice, dissenting.

I respectfully dissent and would affirm the trial court's judgment.

Whether the tort action based on sexual abuse, brought by the mother (as next friend of her minor daughter) against the mother's former husband, from whom she was divorced some eight months previously, is so logically related or necessarily referable to issues in the prior suit for divorce, and thus barred by "res judicata" principles, is the dispositive question before us. *See Pennington v. Pennington*, 195 S.W.2d 677 (Tex.Civ.App.—Texarkana 1946, no writ); cf. *Green v. Doakes*, 593 S.W.2d 762 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

In her affidavit, the mother/appellant stated that she knew of the alleged child molestation at the time the consent decree was entered into, and had decided to file the subject tort claim even before signing the divorce decree.

But there is not a single allegation of sexual abuse in either her pleadings or in the provisions of the divorce decree. Custody of the minor daughter was an issue before the trial court, and was awarded to the mother by mutual consent. The sound public policy underlying the principle of "res judicata" is, of course, to expedite justice by putting an end to litigation and establishing the finality of judgments. To that end, "res judicata" bars relitigation

not only of all issues constituting a cause of action or defense, but also those "connected" issues that, with the use of diligence, *might* have been so tried and determined. *See Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex.1971). I recognize that, nominally, the wife is a party in the tort claim only in a representative capacity, but in actuality she is the party bringing the suit, and I view the "identity of the parties" question as one of substance, not form.

It seems to me that the tort claim, with the use of diligence, might have been litigated by the parties "in the interest of K_____ E_____ F_____" as an appropriate, if not necessary, part of the divorce action. The mother could have included such allegations in her divorce pleadings *and a guardian ad litem would have been immediately appointed to represent the child.* But she carefully chose to avoid this course and bring the suit for damages in her own name as next friend in subsequent litigation. I am not convinced that this claim, and the testimony necessarily to be elicited in support thereof, will be in the child's best interest.

What also persuades me to write this dissent are two observations:

(1) The husband stated in his affidavit—which was not contradicted—that he had agreed to records of his wife's deposition being destroyed six months after the consent decree was signed *only* upon the representation of her lawyer that the deposition notes would be destroyed "if the case was settled." He claims that now, after his wife's deposition notes have in fact been destroyed, he has no way of using his wife's prior deposition to refute her charges of sexual abuse, and attached an affidavit of the court reporter who took the deposition, and excerpts therefrom, as supporting documents; and

(2) the consent divorce decree specifically provided that all relief sought in the cause, and not expressly granted, is denied. I recognize that there was no tort claim for damages in the mother's suit for divorce, but in the context of a "res judicata" defense, the presence of such a provision is at least relevant for our adjudication. It certainly suggests that all disputed issues are finally settled, as well as those that could have, and should have, been litigated. *See Benson v. Wanda Petroleum,* 468 S.W.2d 361 (Tex.1971).

The possibilities of abuse in such post-divorce tort proceedings that the majority opinion opens up are nothing less than horrendous. In my view, the equities of this appeal, considered in its entirety, call for invoking the doctrine of "res judicata" and a consequent affirmation of the trial court's judgment.