Marilyn JONES, Appellant,

v.

William Ward JONES, Executor of the Estate of Royce M. Jones, Deceased, Appellee.

No. 01–93–00214–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 15, 1994.

Rehearing Overruled Oct. 20, 1994.

See also, 888 S.W.2d 858.

Dwane L. Todd, Houston, for appellant.

M. Susan Hardie, Azalea Aleman, Houston, for appellee.

Before ANDELL, DUGGAN and HUTSON–DUNN, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a summary judgment granted in a bill of review proceeding. The plaintiff/appellant is Marilyn Jones (Marilyn). The defendant/appellee is William Ward Jones (the Estate), executor of the estate of Royce M. Jones (Royce), deceased. We affirm.

### The Facts

Marilyn and Royce were first married in May, 1964. They divorced in 1966, but remarried in November, 1969. They divorced again in May, 1973. Marilyn claims that after the latest divorce, she and Royce entered into a common law marriage. Royce died in September, 1984. At various times after Royce's death, Marilyn filed lawsuits against the Estate, including the four discussed (in chronological order) below.

The first of the four, cause number 195,-819–401, was brought in Harris County Probate Court Number One, and sought to collect child support allegedly owed Marilyn by Royce. Marilyn was represented by counsel in this lawsuit. The disposition of this lawsuit is not relevant to this appeal.

The second, cause number 195,819–003 (lawsuit 003), was also brought in Harris County Probate Court Number One, and contested Royce's will. Marilyn alleged that Royce had concealed his ownership interest in Star Cooling Towers, Inc., from her, and that the Estate had exercised undue influence on Royce in order to

avoid permitting [Marilyn] to learn [sic] about the existence of and seek recovery of her Community Property share of the stock in Star Cooling Towers, Inc. D/B/A Jones Cooling Towers Co.; Star Cooling Towers, Inc. of Houston; Jones Cooling Towers Co.; and Park–Jones Cooling Towers Co., which was concealed from her at

the time of her second divorce in 1973 and throughout her marriage.

Marilyn was represented by counsel in this lawsuit.

The third, cause number 195,819–402 (lawsuit 402), was also brought in Harris County Probate Court Number One. Star Cooling Towers, Inc., Star Cooling Towers, Inc. D/B/A Jones Cooling Towers Co., Star Cooling Towers, Inc. of Houston, Park–Jones Cooling Towers Co., and Jones Cooling Towers Co. were named as defendants along with the Estate. Marilyn alleged that:

(1) Royce "knowingly concealed his ownership ... of Star Cooling Towers, Inc." from her, and in another place in the petition, that Royce lied about what property he owned, intentionally "fail[ing] to disclose his true estate....";

(2) the defendants committed "fraudulent acts ... in concealing and misrepresenting the existence of property belonging to the community," referring to Royce's stock in Star Cooling Towers, Inc.;

(3) the goal of the defendants in committing these acts was "to defraud [Marilyn] out of her community property rights arising from her common law marriage to [Royce] in 1973 and her earlier two marriages to [Royce]"; and

(4) she "would not have agreed to the divorce in 1973 ... without a division of the concealed property had [she] known about the fraudulent concealment."

Marilyn was represented by counsel in this lawsuit.

Marilyn agreed to dismiss "all causes of action" in lawsuit 003. The trial court dismissed that lawsuit on October 3, 1990.

The defendants moved for summary judgment in lawsuit 402. On October 15, 1990, the trial court granted the defendants' motions in lawsuit 402 and entered final judgment against Marilyn in that lawsuit. The judgment concludes with the following language:

It is therefore ORDERED, ADJUDGED and DECREED that any and all claims and causes of action against all Defendants asserted by [Marilyn] ... are in all things denied in [lawsuit 402].

All relief no [sic] expressly granted herein is denied.

At some point during the pendency of lawsuit 402, Marilyn, represented by counsel, filed a bill of review (the bill of review proceeding) in the Bexar County court in which she and Royce were divorced in 1973. The parties dispute when the bill of review was filed, and it is not in the record. However, Marilyn's first amended bill of review is in the record. In that pleading, Marilyn alleges that she "learned on or about August 22, 1986 that Royce ... had concealed property from her ... specifically his ownership interest in a business ... called Star Cooling Towers, Inc." Elsewhere in the petition, she states that she suffered "fraudulent concealment" of the property "by her husband...."

On March 20, 1992, the bill of review proceeding was transferred to Harris County Probate Court Number One and assigned cause number 195,819–402. On April 19, 1992, Marilyn's attorney withdrew, and she proceeded pro se.

The Estate filed a motion for summary judgment in the bill of review proceeding on October 27, 1992. The Estate asserted three grounds for summary judgment:

(1) the final judgment in lawsuit 402 precludes any recovery by Marilyn in the bill of review proceeding because of the doctrine of res judicata;

(2) the stock in which Marilyn asserts an interest in the bill of review proceeding did not exist at the time of her divorce from Royce in 1973; and

(3) the statute of limitations expired on Marilyn's cause of action for fraudulent concealment before she brought the bill of review proceeding.

A hearing on the Estate's motion was set for November 19, 1992.

Marilyn failed to file a response to the Estate's motion seven days prior to the date of the hearing. Through an attorney, she filed a response to the Estate's motion on the day of the hearing, but it was filed without

seeking leave of court to do so.[1] At the hearing, Marilyn, through her attorney, filed a motion for continuance, asking that the hearing be postponed for at least 15 days. The trial court denied the motion.

The trial court refused to consider Marilyn's response because it was untimely. The court granted the Estate's motion without specifying the grounds on which it did so.

Marilyn filed a motion for new trial on December 10, 1992, and a second motion for new trial on December 23. The trial court denied the second motion on January 14, 1993.

### The Sufficiency of the Estate's Summary Judgment Proof

In point of error one, Marilyn contends that the Estate's summary judgment proof was "legally insufficient." Marilyn attacks three of the Estate's exhibits: exhibit A, a copy of the 1990 final judgment in lawsuit 402; exhibit C, a copy of the third amended original petition in lawsuit 003; and exhibit D, a copy of the third amended original petition in lawsuit 402. The Estate used these exhibits to support its res judicata argument in its motion for summary judgment. Marilyn complains of exhibit A because it is a copy, not a certified copy; of exhibit C because it had been superseded by a later pleading; and of exhibit D because it is a copy, not a certified copy.

■ We hold, however, that Marilyn's failure to make these complaints to the trial court in a timely manner waives them on appeal. Texas Rule of Civil Procedure 166a(f) provides in relevant part as follows:

Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal to amend.

Tex.R.Civ.P. 166a(f). Marilyn did not make a timely objection to any alleged defects in the form of the Estate's summary judgment evidence; her only response to the Estate's

motion was untimely. Even in her untimely response, Marilyn did not object to exhibits C and D.

■ A party loses its right to complain on appeal of alleged defects in the form of the summary judgment movant's evidence by not making a *timely* objection in the trial court. *See Republic Bankers Life Ins. Co. v. Wood,* 792 S.W.2d 768, 774–75 (Tex.App.—Fort Worth 1990, writ denied). These alleged defects of form might easily have been cured had they been pointed out in a timely response. *See id.* Marilyn has waived her right to bring this complaint on appeal. *See id.*

In *McIntire v. McIntire,* 702 S.W.2d 284 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), the nonmovant complained for the first time on appeal that an uncertified copy of a divorce decree was not a proper basis for the trial court to have granted summary judgment on the ground of res judicata. *Id.* at 286. We held that the appellant waived his right to complain about the uncertified copy of the decree because he did not raise the issue in the trial court. *Id.* The same principles apply here to exhibits A and D.[2]

In any event, the Estate's summary judgment proof was sufficient. Marilyn objects on appeal to exhibit A, a copy of the 1990 final judgment in lawsuit 402, and exhibit D, a copy of the third amended original petition in lawsuit 402, arguing that "[w]hen a motion for summary judgment is based on the defense of res judicata, certified copies of prior proceedings are required. This is true even where the prior proceeding took place in the same court."

■ No citation of authority follows these assertions, and we find the law to be to the contrary:

Generally, a trial court may take judicial notice of its own records in the same case.... [I]n a summary judgment case, the trial court may judicially notice the documents and orders which are a part of

---

1. *See* Tex.R.Civ.P. 166a(c).

2. *McIntire* was decided under Tex.R.App.P. 166a(e) as it existed in 1985. 702 S.W.2d at 286.

In 1990, an amendment to rule 166a inserted a new subsection d, and simply redesignated subsection e as the current subsection f.

its record in the present case since they are ... already on file and available for the court's consideration at the hearing. *McCurry v. Aetna Casualty & Surety Co.*, 742 S.W.2d 863, 867–68 (Tex.App.—Corpus Christi 1987, writ denied). Here, in considering exhibits A and D, the judge considered two documents from his own court with the same cause number as the action over which he was then presiding. It was proper for the court to do so. Because the trial court could take judicial notice of the documents of which exhibits A and D are copies, the Estate need not have attached copies of them to its motion for summary judgment, anyway.

■ Marilyn complains of exhibit C, a copy of the third amended original petition in lawsuit 003, because it was superseded by a fourth amended original petition. While the record reflects that this is true, we find no significance in this fact. The Estate attached the copy of the third petition because it contained some of the same allegations as those made in lawsuit 402. The same allegations made in the third petition are also contained in the fourth petition. Had these allegations been *omitted* in the fourth petition, and thus abandoned, we might have reached a different conclusion. Here, though, where the same allegations were made in the later pleading, we find no problem with the Estate's attachment of the third petition as summary judgment proof.[3]

We overrule point of error one.

### Res Judicata

In point of error two, Marilyn contends that the evidence shows that there are genuine issues of material fact. She argues that res judicata does not apply here.

The doctrine of res judicata declares that: [A] cause of action once finally determined between the parties on the merits by a competent tribunal cannot afterward be litigated by new proceedings. The judgment in the first suit precludes a second action by the parties ... on matters actually litigated and on causes of action ... arising out of the same subject matter that might have been litigated in the first suit.

*Gracia v. RC Cola–7 Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984).

■ Stated another way, "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence could have been litigated in a prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). The doctrine of res judicata preserves the sanctity of judgments; it bars subsequent collateral attacks on a final judgment. *Matthews Construction Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex.1990).

■ In lawsuit 402, Marilyn alleged that Royce "knowingly concealed his ownership ... of Star Cooling Towers, Inc." from her, and that Royce lied about what property he owned, intentionally "fail[ing] to disclose his true estate...." The judgment disposing of Marilyn's claims in lawsuit 402 recites that any and all claims and causes of action against all defendants, including the Estate, Star Cooling Towers, Inc., Star Cooling Towers, Inc. D/B/A Jones Cooling Towers Co., Star Cooling Towers, Inc. of Houston, Park–Jones Cooling Towers Co., and Jones Cooling Towers Co., "asserted by [Marilyn] ... are in all things denied."

Marilyn's first amended bill of review, her live pleading at the time the trial court rendered summary judgment in the bill of review proceeding, names the Estate as the defendant and alleges that "Royce ... had concealed property from her ... specifically his ownership interest in a business ...

---

3. We therefore reject Marilyn's argument that "[a] pleading which has been amended and superseded cannot support a Motion for Summary Judgment on the issue of res judicata." Marilyn cites no authority to support this proposition, but refers to Tex.R.Civ.P. 65 in her discussion. Rule 65 states that, subject to certain conditions, a pleading for which another is substituted "shall no longer be regarded as a part of the pleading in the record of the cause[.]" Tex.R.Civ.P. 65.

Applied here, this means only that Marilyn's third petition in lawsuit 003 was superseded *for the purposes of lawsuit 003*. Rule 65 does not forbid the Estate's use of the third petition in lawsuit 003 to support its res judicata argument, where the allegations in the third petition that are the subject of the res judicata claim were repeated in the last petition in that lawsuit, the fourth petition.

called Star Cooling Towers, Inc.," and that she suffered "fraudulent concealment" of the property "by her husband. . . ." This claim, however, had already been resolved against Marilyn, by a court of competent jurisdiction, on the merits, in lawsuit 402, a lawsuit brought by the same plaintiff against the same defendant via the same cause of action for the same alleged wrongful act perpetrated by the same person concerning the same subject matter.[4] Therefore, the bill of review proceeding was precluded by the doctrine of res judicata.[5]

 Having concluded that the summary judgment was proper because of the doctrine of res judicata, we need not address the validity of the Estate's other two grounds for summary judgment. When a trial court's summary judgment order does not specify the ground on which summary judgment is granted, the summary judgment will be affirmed if any of the grounds asserted in the motion are meritorious. *Home Indemnity Co. v. Pate*, 814 S.W.2d 497, 500 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

We overrule point of error two.

### Marilyn's "day in court"

In point of error three, Marilyn contends that "[t]he trial court erred in granting the Estate's motion for summary judgment because [she] was denied her opportunity to have her day in Court." The trial court's decision to terminate Marilyn's bill of review proceeding via summary judgment was, on this record, a correct one. Marilyn was given a fair, legitimate opportunity in court, but simply lost on a valid defense motion.

We overrule point of error three.

### Conclusion

The trial court was correct in granting summary judgment to the Estate. Marilyn's claims are barred by the doctrine of res judicata, and Marilyn waived her right to complain of the Estate's proof of such. The proof was, in any case, sufficient.

We affirm the judgment of the trial court.

HUTSON–DUNN, J., concurring and dissenting.

HUTSON–DUNN, Justice, concurring and dissenting.

I agree with the majority in its analysis and result in point of error one. I disagree with the majority's determination in point of error two, and thus dissent in that regard.

It is necessary to set out a careful analysis of the facts in this record in order to address the second point of error. The appellant filed three lawsuits in the probate court and one lawsuit in the Bexar County district court. The lawsuits, filed by the appellant in the Harris County Probate Court Number One, were causes No. 195,819–003, –401, and –402 (cause no. 402 1st.) The appellant also filed a lawsuit in the Bexar County Court, No. 90–CI–11271.

Appellant's lawsuit No. –003 contested the will and alleged:

(1) that undue influence was exerted over the deceased;

(2) that the deceased lacked testamentary capacity;

(3) that the will was in fraud of her community estate and her inheritance rights leaving her, his common law wife,

---

4. We are mindful that lawsuit 402(1) named other defendants besides the Estate, and (2) alleged other wrongful acts perpetrated by other persons, in addition to Royce's alleged fraudulent concealment of his interest in Star Cooling Towers, Inc. Nevertheless, the fact remains that Marilyn, in both lawsuit 402 and the bill of review proceeding, sued the Estate alleging fraudulent concealment by Royce for his alleged concealment of his interest. That lawsuit 402 also involved other defendants and other allegations against other persons in addition to the fraudulent concealment allegation against Royce does not preclude lawsuit 402 from being the basis of a valid res judicata defense in the subse-

quent bill of review proceeding. The res judicata requirements that the parties be identical in both suits and that the same cause of action be involved in both suits, *see Sutherland v. Cobern*, 843 S.W.2d 127, 130 (Tex.App.—Texarkana 1992, writ denied), are met here.

5. Even if res judicata did not apply here on the ground discussed above, Marilyn clearly *could* have litigated the matters set forth in the bill of review proceeding in lawsuit 402. Res judicata would apply on this ground, as well. *Gracia*, 667 S.W.2d at 519.

and his minor child without support (the period of the common law marriage asserted was following the divorce in 1973 to the death of the deceased);

(4) that she should have her one half share of the property acquired during the term of "their three marriages"; and

(5) that the will was secured by fraud on the deceased, or by forgery, i.e. that he did not know that he was signing a will, or that certain misrepresentations were made to the deceased when he signed the will. Appellant requested a constructive trust.

She asked that the will be set aside and that she be awarded her one half of the community estate plus one-third of his separate property as inheritance rights. Alternatively, she prayed that her share of his estate be placed in a constructive trust and an accounting ordered.

Appellant's lawsuit No. 195,819–401 alleged:

(1) a claim against the estate for child support pursuant to the 1973 judgment of divorce in the amount of $9,050.

This suit was settled and judgment signed in September of 1985.

Appellant's lawsuit No. 195,819–402 (1st) alleged:

(1) conspiracy by the defendants in this cause, and not the decedent, to perform an illegal act by concealing and misrepresenting the existence of property accumulated by she and the deceased, belonging to the community estate arising from her common law marriage to decedent following her 1973 divorce;

(2) that the deceased fraudulently concealed property owned by him during two periods of time, i.e. the 1973 divorce and the common law marriage which they entered into after the 1973 divorce;

(3) that the deceased made misrepresentation about the property he owned during two periods of time, i.e. the 1973 divorce and during the common law marriage entered into following the 1973 divorce to her detriment; and

(4) that she would not have agreed to the 1973 divorce or the common law marriage afterwards without a division of the concealed property if she had known about the fraudulent concealment.

She sought actual and punitive damages against the defendants jointly and severally as well as a constructive trust.

Appellees filed their first summary judgment in cause no. 402 (1st). (This is the summary judgment on which the majority relies in finding that res judicata precludes this suit as to fraudulent concealment in the 1973 divorce.) Appellees asserted as grounds for the motion for summary judgment the following:

(1) judicial estoppel from asserting that she entered into a common law marriage with the decedent because in the earlier suit, 401, she maintained that she was divorced from decedent;

(2) equitable estoppel from asserting her common law marriage to decedent after her assertions in suit 401, that she was divorced from decedent; and

(3) collateral estoppel from relitigating the issue of her common law marriage to decedent after it was previously determined in suit 401 by her assertion that she was divorced.

As you may note, there is no ground for summary judgment based on fraudulent concealment. Appellees asserted that appellant was not an "interested person" in the estate and did not have standing to bring the suit. Again, these were the only grounds asserted by the appellees to support this motion for summary judgment.

Based on the above motion, the court rendered its order on October 15, 1990, and awarded appellee a summary judgment in cause no. 402 (1st). In this final judgment the court made the following findings:

(1) appellant agreed to dismiss all causes of action in suit 003 and

(2) appellant is estopped from asserting that she entered into a common law marriage with decedent and is therefore not an interested person in the estate.

Appellant filed a bill of review in Bexar County, cause No 90–CI–11272. The record does not reveal at what point in time this bill was filed. I note, however, that appellees'

motion for summary judgment following the transfer of the bill of review out of Bexar County asserts that it was filed on August 7, 1990.

The bill of review filed in the Bexar County court was a direct attack on the 1973 Bexar County judgment of divorce between appellant and the deceased. In the bill of review appellant alleged:

(1) that she had a meritorious defense to the division of property as set forth in the 1973 divorce decree;

(2) that she did not make a defense at the time the divorce decree was entered because of her husband's fraudulent concealment of his ownership in the business Star Cooling Towers, Inc. at the time of the divorce; and

(3) that the concealed property was sold and the proceeds were invested into another business, Jones Cooling Tower, Inc.

Appellant prayed that the court redivide the community property in the 1973 divorce because of the fraudulent concealment.

On March 20, 1992, this bill of review was transferred by the Bexar County Court to the Harris County Probate Court and assigned the same number 402 as the cause contesting the decedent's will which we have called cause no. 402 (1st). Therefore, we will refer to the Bexar County bill of review as cause no. 402 (2nd).

After the transfer of the bill of review, appellees filed motion for summary judgment in the bill of review cause no. 402 (2nd). They alleged as grounds for their motion for summary judgment, the following:

(1) res judicata, arguing that the final judgments in 003 and cause no. 402 (1st) preclude any recovery by appellant in cause no. 402 (2nd) because appellant alleged fraudulent concealment in 003 and cause no. 402 (1st) and those cases had already come to judgment;

(2) appellant has no interest in the property that she asserts was concealed from her because the property did not exist at the time of her divorce in 1973; and

(3) the statute of limitations on the bill of review, cause no. 402 (2nd) had expired.

The court entered a summary judgment for appellee on November 24, 1992, in the bill or review cause no. 402 (2nd) and ordered that appellant take nothing in her suit on bill of review. This is the summary judgment from which appellant appeals. We must address whether or not any of the above grounds for summary judgment support the trial court's ruling.

The majority concludes that the doctrine of res judicata applies to appellant's bill of review because appellant's claim of fraudulent concealment had already been resolved against her on the merits in cause no. 402 (1st). I disagree. I would hold that res judicata is not applicable to the bill of review in cause no. 402 (2nd) for two reasons. First, the Harris County Probate Court did not acquire jurisdiction to hear the issue of fraudulent concealment in the bill of review cause no. 402 (2nd) until after the transfer from Bexar County. Second, there was no ground asserted in the motion for summary judgment in cause no. 402 (1st) regarding fraudulent concealment and the motion was granted because appellant was not an "interested person" in the estate.

As to the first reason set out above, I rely on the following authority. A bill of review is a direct attack on a judgment. *Magan v. Hughes Television Network,* 727 S.W.2d 104, 105 (Tex.App.—San Antonio 1987, no writ). A direct attack upon a judgment must be brought in the same court that entered that judgment. *Outlaw v. Noland,* 506 S.W.2d 734, 735 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). An equitable bill of review must be brought in the same court that rendered the judgment it is attacking. *Jackson v. Thompson,* 610 S.W.2d 519, 522 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *State v. 1985 Chevrolet Pick–Up Truck,* 763 S.W.2d 484, 485 (Tex.App.—Beaumont 1988), *rev'd on other grounds,* 772 S.W.2d 447 (Tex.1989) (per curiam), *opinion withdrawn and opinion substituted,* 778 S.W.2d 463 (Tex.1989). The bill of review, claiming fraudulent concealment of property, filed in Bexar County, attacks the validity of the divorce decree and must be brought in the court which entered the decree. *McCombs v. Forney,* 607 S.W.2d 591, 592

(Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

In this case, even assuming that the majority is correct in their assertion that 402 1st involves issues of fraud during the 1973 divorce, the Harris County Probate Court did not have jurisdiction to determine this issue. The issues of fraud surrounding the 1973 divorce were a direct attack on the judgment of the Bexar County court that rendered the 1973 divorce decree and must be filed in the court rendering the decree. *McCombs,* 607 S.W.2d at 592. Therefore, only the Bexar County court had jurisdiction over the issues of fraud surrounding the 1973 divorce which directly attacked the divorce decree. *Id; Outlaw,* 506 S.W.2d at 735; *Jackson,* 610 S.W.2d at 522.

After a bill of review has been filed in the proper court so that jurisdiction attaches, the cause may be transferred to another court for trial. *Outlaw,* 506 S.W.2d at 735; *Jackson,* 610 S.W.2d at 522. The Harris County Probate Court did not have jurisdiction over the issues of fraud in the 1973 divorce until after the Bexar County court transferred the bill of review to Harris County Probate Court. *Outlaw,* 506 S.W.2d at 735; *Jackson,* 610 S.W.2d at 522. The bill of review was not transferred to the Harris County Probate Court until *after* the Harris County court entered the summary judgment in 402 (1st). Therefore, it was impossible for the Harris County court to resolve the bill or review issues of fraudulent concealment during the 1973 divorce in the summary judgment in cause no. 402 (1st). I would hold that as a matter of law the trial court could not have based the 402 (2nd) summary judgment on res judicata.

As to the second reason that the summary judgment could not be based on res judicata, although I agree with the majority's recitation of the law of res judicata, I believe its' analysis overlooks one of the elements. "Issues that are not actually tried and determined in the first action will not be precluded from relitigation, unless those issues were essential to the judgment of the prior suit." *K.F. ex rel Faour v. Faour,* 762 S.W.2d 361, 362 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

The original lawsuit 402 (1st) was a will contest. The summary judgment stated that appellant's claims in that suit were denied because she was not a person "interested in the estate." Only persons interested in the estate may bring a will contest proceeding. TEX.PROB.CODE ANN. § 10 (Vernon 1980). "Persons interested means heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered...." TEX.PROB.CODE ANN. § 3(r) (Vernon Supp.1994).

The bill of review which was transferred to the probate court was not a will contest. It was a suit to set aside the trial court's division of property made in the 1973 divorce decree due to fraudulent concealment. For this type of suit, there is no requirement that a party be a person interested in the estate in order to bring their cause of action. Appellant's issues of fraud alleged in the bill or review attacking the Bexar County court judgment filed against her former husband, the deceased, were not tried in the original lawsuit, cause no 402(1st). *See Faour,* 762 S.W.2d at 362. The court precluded appellant from trying any issues regarding fraud because it found she was not a person interested in the estate. The issues regarding fraud were not essential to the judgment in that case as appellant did not litigate them in that suit. *See id.*

In conclusion, I would hold that appellant's bill of review should not have been precluded by res judicata. Therefore, I would address the other grounds asserted in appellees' motion for summary judgment.