Affirmed in part and Reversed and Remanded in part and
Opinion filed June 3, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00616-CV



Commint
Technical Services, Inc. and Keith Kelly, Appellants 

v.

Gene Quickel
and Nevoda Star, LLC, Appellees 



On Appeal from
the 11th District Court

Harris County, Texas

Trial Court
Cause No. 2008-02655



 

OPINION

Appellants, Commint Technical Services, Inc. and
Keith Kelly (Commint), appeal the trial court’s granting of a summary judgment
in favor of appellees, Gene Quickel and Nevoda Star, LLC.  We affirm as to
Quickel and reverse and remand as to Nevoda Star.  

Factual and Procedural Background

Quickel was employed by Commint from July 2005
through January 2007.  Commint markets specialized computer software to various
businesses and industries.  Commint hired Quickel to provide installation of
the specialized computerized software and onsite training and support.  Commint
claims that, pursuant to Quickel’s employment agreement, he was required to
work exclusively for Commint.  Additionally, Quickel executed non-compete
agreements and confidentiality agreements.  

Sometime in 2006, Commint decided to market a new
line of a software called “Clarity”.  To market the Clarity software, Commint
was required to have a certified technician to install and conduct training on
the new product.  Commint asked Quickel to complete the three-week training
course in July 2006.  Quickel agreed to attend the training course as long as Commint
agreed to pay him a training fee of $5,000, in addition to travel expenses in
the amount of $4,700.  Quickel attended the training course and obtained the
certification, but claimed Commint failed to pay him the $9,700 per their
agreement.  Quickel avers that he terminated his employment in January 2007 and
subsequently opened his own software sales and training business, Nevoda Star. 
Commint claims Quickel began operating Nevoda Star while still employed with Commint
and that, as a result, Commint terminated Quickel’s employment.    

On December 26, 2007, Quickel filed suit in Collin
County, Texas against Commint and Commint’s president Keith Kelly, alleging
breach of contract, quantum meruit, and defamation.  The breach of contract
claim and quantum meruit claim both arose from Commint’s alleged failure to pay
Quickel for the Clarity training.   The defamation claim alleged Commint and
Keith Kelly published false statements to current and prospective clients of
Quickel’s new business, Nevoda Star.  Commint and Keith Kelly were served with citation
in the Collin County lawsuit on January 14, 2008.  

On January 16, 2008, two days after being served, Commint
filed suit in Harris County against Quickel, Nevoda Star, and Carol Meeking.[1]  Commint alleged
six different causes of action against Quickel and Nevoda Star, including:
breach of contract; fraud; theft and conversion of trade secrets, proprietary
information, and confidential information; disparagement and diversion of
business; slander and libel; and conspiracy.  All of Commint’s claims arise
from Quickel’s departure from Commint and the development of his new business,
Nevoda Star.     

The Collin County suit filed by Quickel proceeded to
trial on October 9, 2008.  A final judgment was signed in favor of Quickel.[2]  No appeal
was taken from the Collin County final judgment.   

Back in Harris County, Quickel and Nevoda Star filed
a traditional motion for summary judgment on February 6, 2009.  The basis of the
motion was that Commint’s claims were compulsory counterclaims that Commint
should have asserted in the Collin County suit and are therefore barred under
the compulsory counterclaim rule and the doctrine of res judicata.  Commint filed
a response and objections to Quickel and Nevoda Star’s motion for summary
judgment.  Commint complained that the motion was not supported by permissible
evidence.  Additionally, Commint argued its claims were not compulsory counterclaims
and were not barred by res judicata.  On March 24, 2009, the trial court
granted Quickel and Nevoda Star’s motion for summary judgment.  This appeal
followed.  

Discussion

On appeal, Commint argues the trial court erred in
granting summary judgment because: (1) its claims were not compulsory
counterclaims; (2) its claims were not barred by res judicata; and (3) judgment
in favor of Nevoda Star was not proper because it was not a party to the Collin
County suit.  Commint also complains the trial court erred by failing to
sustain its objections to Quickel and Nevoda Star’s summary judgment evidence. 


I.         Evidentiary Objections

            In
its response to Quickel and Nevoda Star’s motion for summary judgment, Commint
asserted four objections to the summary judgment evidence and repeats the same
objections on appeal.  The trial court did not specifically rule on Commint’s
objections; it only signed a broad order granting Quickel and Nevoda Star’s
motion.  We address each of Commint’s objections.

            A.        Applicable
Law

            To
be considered by the trial or reviewing court, summary judgment evidence must
be presented in a form that would be admissible at trial.  See Hidalgo v.
Sur. Sav. & Loan Ass’n, 462 S.W.2d 540, 545 (Tex. 1971).  A party must
object in writing to the form of summary judgment evidence and place the
objection before the trial court, or its objection will be waived.  See
Grand Prairie I.S.D. v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990).  To
complain on appeal about an objection to form, the party is required to not
only object to form, but to secure a ruling on its objection by the trial
court.  Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  If the record does not show the
party secured any rulings on its objections, the complaint will be waived on
appeal.  Id.      

                        1.  Background
Facts

            Commint
objects to the background facts section contained in the summary judgment
motion because it was not supported by any summary judgment evidence.  The
background facts are a part of the summary judgment motion and are not
evidence.  See Trinity Universal Ins. Co. v. Patterson, 570 S.W.2d 475,
478 (Tex. Civ. App.—Tyler 1978, no writ) (holding summary judgment motion
itself is not competent summary judgment evidence).  Therefore, this objection
is without merit.     

 

                        2. 
Collin County Petition

            Commint
contends the Collin County petition attached to the summary judgment motion is
not proper summary judgment evidence.  The only basis for Commint’s objection
is that the petition is not “proper” summary judgment evidence.  This is an
objection to form.  See Tex. R. Civ. P. 166a(f); Jones v. Jones,
888 S.W.2d 849, 852 (Tex. App.—Houston [1st Dist.] 1994, no writ).  Because it
is an objection to form and Commint failed to secure a ruling on it, Commint
has waived this objection on appeal.  See Hou-Tex, 26 S.W.3d at 112.

                        3. 
Collin County Final Judgment  

            Commint
also objects to the October 15, 2008 Collin County final judgment attached to
the summary judgment motion.  As stated above the only difference between the
two judgments is that the December 11, 2008 judgment expressly denies Quickel’s
defamation claims.  Both judgments were admitted into evidence by trial court. 
We do not see how the entrance of the earlier signed judgment caused Commint
harm.  Therefore, the trial court did not abuse its discretion in admitting
this evidence.  

                        4. 
Deposition Excerpts

            Finally,
Commint objects to the Keith Kelly deposition excerpt that was attached as
evidence to the summary judgment motion.  Commint contends the deposition
excerpt was not properly authenticated.  This is an objection to form.  See Tex.
R. Civ. P. 166a(f); Nichols v. Lightle, 153 S.W.3d 563, 569 (Tex.
App.—Amarillo 2004, pet. denied).  Commint failed to secure a ruling from the
trial court on this objection; therefore, it is waived.  See Hou-Tex, 26
S.W.3d at 112.   

            For
the above reasons, all of Commint’s objections to the summary judgment evidence
are overruled.  

 

II.        Summary Judgments

Under the traditional summary judgment standard of
review, a movant has the burden to show there are no genuine issues of material
fact, and he is entitled to judgment as a matter of law.  KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  In
determining whether there is a genuine fact issue precluding summary judgment,
evidence favorable to the non-movant is taken as true and we make all
reasonable inferences in his favor.  Id.  We review the trial court’s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).  A defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the
plaintiff’s causes of action or if it conclusively establishes all elements of
an affirmative defense.  Randall’s Food Mkts, Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995).  

The compulsory counterclaim rule and the doctrine of
res judicata are affirmative defenses.  Therefore, Quickel and Nevoda Star had
the burden to plead and prove all elements of each of their affirmative
defenses.  See Weiman v. Addicks-Fairbanks Rd. Sand Co., 846 S.W.2d 414,
419 (Tex. App.—Houston [14th Dist.] 1992, writ denied); Tex. R. Civ. P. 94.   

A.        Summary judgment in favor of Quickel

            1.  Compulsory Counterclaims

It has long been the policy of the courts and the
legislature of this state to avoid multiplicity of lawsuits.  Wyatt v. Shaw
Plumbing Co., 760 S.W.2d 245, 246 (Tex. 1988).      The need for judicial
economy is acute because the dockets of our trial courts are overburdened, and
litigants must wait far too long for their cases to be heard.  Id. at 246–47. 
In keeping with the policy to avoid multiple lawsuits, Texas Rule of Civil
Procedure 97(a), regarding compulsory counterclaims, was promulgated.  Id.
at 247.  The Texas Supreme Court has adopted a six-part test for determining
whether a counterclaim is compulsory rather than permissive.  In Wyatt,
the Supreme Court stated that a counterclaim is compulsory only if:

(1) it is within the jurisdiction of the court; (2) it is
not at the time of filing the answer the subject of a pending action; (3) the action
is mature and owned by the pleader at the time of filing the answer; (4) it
arises out of the transaction or occurrence that is the subject matter of the
opposing party’s claim; (5) it is against an opposing party in the same
capacity; and (6) it does not require for its adjudication the presence of
third parties over whom the court cannot acquire jurisdiction.

Id. 
If
a claim meets these elements it must be asserted in the initial action.  Id. 
A defendant’s failure to assert a compulsory counterclaim precludes its assertion
in later actions.  Id.  

                        2. 
Analysis 

            Commint
only contests components (2) and (4) of the Texas Supreme Court’s test for
compulsory counterclaims.  We first address component (2).  

                                    a.
 The subject of a pending action.

            In
addressing this issue, we are confronted with an interesting question of law,
which appears to be issue of first impression in Texas. The problem is the test
adopted by the Texas Supreme Court results in a different outcome than a direct
application of Rule 97(a).  Rule 97(a) defines
a “compulsory counterclaim” as:

any claim within the jurisdiction of the court, not the
subject of a pending action which at the time of filing the pleading the
pleader has against any opposing party, if it arises out of the transaction or
occurrence that is the subject matter of the opposing party’s claim and does
not require for its adjudication the presence of third parties of whom the
court cannot acquire jurisdiction  . . . .

Tex.
R. Civ. P. 97(a).  Rule 97(a) provides that the claim not be “the subject of a
pending action which at the time of filing the pleading the pleader has
against any opposing party”, while the Court stated the claim must not be “at
the time of filing the answer the subject of a pending action”.  Tex. R.
Civ. P. 97(a) (emphasis added); Wyatt, 760 S.W.2d at 247 (emphasis
added).  Commint argues that according to the Texas Supreme Court’s wording of the
compulsory counterclaim test, their claims are not compulsory because at the
time they were required to file an answer in Collin County, an action
was already pending in Harris County—the action they filed two days after being
served.  However, under Rule 97(a), their Harris County claims would be barred
because at the time of filing their pleading in Harris County, there was already
an action pending in Collin County.  

            Following
Commint’s argument, parties could easily escape the application of the
compulsory counterclaim rule by following the course of action taken by Commint. 
After being served with notice of the lawsuit, a party could then race to the
courthouse and file a similar action against the opposing party before his
answer was due in the original suit, without triggering the compulsory
counterclaim rule.  We conclude the Texas Supreme Court did not intend through
an application of its compulsory counterclaim test, that it would create such
an easy path of avoidance and thereby increase the number of lawsuits filed. 
Therefore, we will apply the language from Rule 97(a), regarding this component
of the Supreme Court’s test.  Consequently, we conclude that because there was
another action pending at the time Commint filed its petition in Harris County,
Commint’s claims are barred by this component of the compulsory counterclaim
rule.  

                                    b. 
Arising out of the same transaction or occurrence.  

              Commint
argues its claims were not compulsory because they did not arise from the same
transaction or occurrence as the Collin County suit.  Commint focuses on the
fact that the Collin County breach of contract claims arise only out of the
contract regarding Clarity training; while Commint’s Harris County claims span
a longer time period and involve broader issues.  

            We
apply a logical relationship test to determine whether counterclaims arise out
of the same transaction or occurrence.  Jack H. Brown & Co. v. Nw. Sign
Co., 718 S.W.2d 397, 400 (Tex. App.—Dallas 1986, writ ref’d n.r.e.).  The
logical relationship test is met when the same facts, which may or may not be
disputed, are significant and logically relevant to both claims.  Id.      

            The
facts underlying the Collin County defamation claim depend on the same facts as
the claims alleged in the Harris County suit.  The Collin County defamation
claim alleges that from the time Quickel terminated his employment at Commint, Commint
and its employees published false statements and accusations about Quickel. 
Quickel alleged the defamatory statements included accusations of both criminal
and civil wrongs and accusations of personal dishonesty.  These accusations
mirror the claims alleged by Commint in the Harris County suit.  In its Harris
County petition, Commint alleges Quickel breached his employment contract by
using trade secrets and other confidential information to begin his new company,
Nevoda Star.  Additionally, Commint complains Quickel made fraudulent
misrepresentations to customers and employees of Commint for the benefit of
Nevoda Star.  Furthermore, Commint alleges Quickel made disparaging comments
about Commint in order to divert business to Nevoda Star.  Both the Harris
County claims and the Collin County defamation claims arise from the breakdown
of the employment relationship between Commint and Quickel.  Therefore, the same
facts or disputed facts are needed to prove and/or defend allegations in both
cases.  Because the same facts would be needed in both cases, we conclude the
claims meet the logical relationship test.  See Jack H. Brown & Co.,
796 S.W.2d at 399–400 (stating the purpose of logical relationship test is to
prevent relitigation of the same facts).   

            For
the reasons above, we hold Commint’s Harris County claims were compulsory
counterclaims that should have been brought in the Collin County action. 
Accordingly, we hold the trial court did not err in granting summary judgment
in favor of Quickel.  Furthermore, we need not address Quickel’s alternate
theory of defense, res judicata, because we may affirm the summary judgment if
any of the theories presented to the trial court are meritorious.  See Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004). 
Therefore, we affirm the summary judgment granted in favor of Quickel.    

            B.
Summary Judgment in favor of Nevoda Star

            Commint
argues the trial court erred by granting summary judgment in favor of Nevoda
Star because Nevoda Star was not a party to the Collin County suit.  Commint
contends the claims against Nevoda Star were not compulsory in Collin County
nor had they already been adjudicated in Collin County.  We agree summary
judgment against Nevoda Star was improper because Nevoda Star failed to meet
its summary judgment burden.    

As the summary judgment movant, Nevoda Star was
required to prove all elements of its affirmative defense.  Randall’s Food
Mkts., 891 S.W.2d at 644.  Nevoda Star moved for summary judgment on two
different affirmative defense theories: the compulsory counterclaim rule and
the doctrine of res judicata.  One element of the compulsory counterclaim rule
is that the counterclaim be against an opposing party in the same capacity.  Wyatt,
760 S.W.2d at 247.  The summary judgment evidence establishes that Nevoda Star
was not a party to the Collin County suit.  Nevoda Star contends there is
“clearly a close identity of parties” because Nevoda Star is Quickel’s business
entity.  This is not what is required by the rule.  Nevoda Star was not a party
to the Collin County suit, and even if we were to view Nevoda Star as Gene
Quickel, they were not sued in the same capacity.  See Community State Bank
v. NSW Invs., L.L.C., 38 S.W.3d 256, 260 (Tex. App.—Texarkana 2001, pet.
dism’d w.o.j.) (stating “capacity” as used in the context of the compulsory
counterclaim rule as referring to the distinction between individual and
representative capacities”).  Thus, Nevoda Star failed to meet its summary
judgment burden.  Accordingly, summary judgment based on the compulsory
counterclaim rule would not be proper.  See KPMG Peat Marwick, 988
S.W.2d at 748. 

            To
prevail on the affirmative defense of res judicata, Nevoda Star had to
establish (1) a prior final judgment on the merits by a court of competent
jurisdiction; (2) identity of parties or those in privity with them; and (3)
subsequent action based on the same claims that were raised or could have been
raised in the first action.  Amstadt v. United States Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).  Nevoda Star made no argument regarding identity
of parties in the res judicata portion of its motion.  Therefore, Nevoda Star
failed to prove that it was entitled to a summary judgment as a matter of law
on the affirmative defense of res judicata.  See KPMG Peat Marwick, 988
S.W.2d at 748.            Because Nevoda Star failed to meet its burden,
summary judgment was improperly granted in its favor.   

Conclusion

            We affirm the judgment
in favor of Quickel. We reverse judgment in favor of Nevoda Star and remand to
the trial court for further proceedings consistent with this opinion.  

            

                                                                                                  
                                                                                                                                             

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

 









[1]
Carol Meeking is a former employee of Commint.  She left Commint and began
working at Nevoda Star with Quickel.  Meeking was never served with the Harris
County suit and all claims against her have been severed from this cause of
action.  





[2]
There is some dispute about whether there were two different final judgments
signed and which one controls.  The only meaningful difference between the two
judgments is that the later signed judgment awards a take nothing judgment to
Quickel against Commint, on Quickel’s claims of defamation “and that such
claims are denied in their entirety.”  The earlier signed judgment does not
explain upon which cause of action Quickel was to recover; although, it was
presumably the breach of contract claim, as the amount awarded matched the
amount of damages sought for the breach of contract.